By the Court. Slosson, J.
This is an action against Emeline Deacon, as maker, and Lyon & McLane, as endorsers, of a note for $225, dated 26th Sept., 1854, payable, to the order of the maker, sixty days after the date thereof.
Mrs. Deacon does not defend. The endorsers, Lyon & McLean, alone defend; and the only question is, whether a sufficient presentment of the note and demand of payment had been made of the maker.
Subjoined to Lyon’s endorsement, were the words “ White Plains, Westchester Co.”
The note was deposited for collection, in the Island City Bank of this city.
The certificate of the notary of the bank showed that the note was presented on the 28th of March, 1854, (the day it fell due,) at the Island City Bank, and payment demanded: and a clerk of the notary proved that he demanded payment of the teller of the bank, and it was refused; that he asked the teller where Mrs. Deacon, the maker, resided, who told him he did not know, but thought she resided in Westchester county; that he asked all the bank officers who were present, and none of them could tell bim any thing about her. He did not ask any of the officers of the bank, nor did he inquire of any one else, who was the owner of the note. He did not ask either of the endorsers where Mrs. Deacon resided, nor did he make this inquiry of any one except the bank officers. He examined the city directories, and did not find the name of the maker in them.
Two of the city directories were put in evidence, and in neither was to be found the name of Mrs. Deacon, or of her husband, Edward Deacon.
*84 It appeared, in evidence, that Mrs. Deacon resided in Astoria, until about three weeks before the first of May, 1854; that she then removed to this city, and, on the 1st of May, moved to No. 70 Union Place, which premises she hired of Mrs. Lucius Com-stock, and which she occupied, as a boarding-house, until the 8th Nov. following, when she removed to No. 251Eourth avenue, where she remained for six weeks, keeping a boarding-house also at the latter place. She was consequently residing at this latter place when the note fell due.
The note was given for rent of the premises No. 70 Union Place, and was made by Mrs. Deacon, at the house No. 70 Union Place, and was handed to Mr. Comstock, the husband of the landlady, by McLean, one of the endorsers, who is the son-in-law of Mrs. Deacon, in Mrs. Deacon’s room at No. 70 Union Place. Comstock sold the note to the plaintiff.
A motion was made at the trial to dismiss the complaint, on the ground that the plaintiff had not proved due presentment and demand of payment of the note of the maker, or that the maker could not have been found upon due and diligent inquiry.
The motion was overruled, and a verdict was taken for the plaintiff, subj ect to the opinion of the court on the single question as to the sufficiency of the presentment and demand.
No question arises as to the sufficiency of the notice to the endorsers. If the demand was sufficient the defence fails.
The note is not payable at any particular place, and the general rule which the courts have always adhered to is, that in such a case, if the maker has a known residence in the state, a demand, in order to fix the endorser, must be made of him at such residence. (14 J. R. 114.) If he has no known residence or place of business at which the note can be presented, presentment is excused. So if after the making of the note the maker absconds, or removes from the state to reside elsewhere, a presentment need not be made.
If the residence be known to the holder, and has not been changed since the making of the note, a demand must be made, though the residence.be in another state. (Taylor v. Snyder, 3 Denio, 145; Spies v. Gilman, 1 Comst. 321.)
In the case at bar, the maker actually resided in the city of New York, both at the time the note was made and when it fell *85 due, though in a different street at the latter period. She was, at both periods, keeping a boarding-house. The holder was bound to use all reasonable and proper diligence to find the maker and demand payment. “Whoever,” says Judge Thompson, in Anderson v. Drake, 14 J. R. 114, “takes a note (not payable at any particular place) is presumed to have made inquiry for the residence of the maker, in order to know where to demand payment, and to assume upon himself all the inconvenience of making such 'demand.”
Was that diligence used in the present instance?
The notary received the note at three o’clock; he goes to the bank and asks the officers in attendance where the maker lived, and, as might have been anticipated, they could give him no information ; he makes no inquiry of any person, not even of the officers of the bank, who the owner of the note was, nor did he ask either of the endorsers where the maker lived, though one of them (McLane) had an office in the city, and was served, the next day, with notice of protest, at his office. Finding that he could get no information at the bank, and that the maker’s name did not appear in the city directories, the notary formally demands payment at the counter of the bank, and forthwith gives notice to the endorsers. It is impossible to say that this was due diligence.
It may be exceedingly inconvenient at times to find the place of residence of the maker of a note, but that forms no excuse for the want of the knowledge if it can be obtained.
It was gross carelessness in the holder (the plaintiff) to send the note to the bank for collection, without a memorandum endorsed on it, or accompanying it, to show where the maker was to be found. This was a duty which he owed both to the bank and its notary, and he is without excuse in throwing upon the latter officer the trouble, annoyance, and possible risk of finding out a fact for his benefit, with which he is presumed to be himself acquainted, and with which he ought to be acquainted in fact.
The complaint must be dismissed, as to the endorsers.
Hoffman, J.
We do not consider the second point of the plaintiff’s, nor the case cited, applicable to the present question. Miller v. Gaston (2 Hill, 188) refers to the rule as stated in Hough *86 v. Gray, (19 Wendell, 202,) and the rule so declared is, that if a party, at the time of making the note, endorses upon it an absolute guaranty to pay it, he may be treated as a joint and several maker and promiser. Demand and notice would then be" unnecessary. In Dean v. Hall, (17 Wendell, 214,) the point is more elaborately examined.
But in this case, McLean stands in the character of an endorser, probably an accommodation endorser merely.
The third and fourth points of the plaintiff are, that when the maker is without a fixed place of residence, or absconds after the note is given, no demand is necessary; and again, that if he cannot be found, want of demand will be excused. But in the present instance the maker was, at the maturity of the note, keeping a boarding-house at 251 Fourth avenue.
On the complaint in this case, the plaintiff must be considered as the owner of the note at its maturity. The bank had, it may be assumed, received it for collection. There is nothing to show they had discounted it.
In Taylor v. Snyder, (3 Denio, 145,) Justice Beardsley stated the rules, and went through the cases, with great care. He examined the exceptions to the rule requiring a personal ■ demand of the maker, or at his dwelling house, or place of abode, or at his counting house or place of business. “It is,” he remarks, “a question of diligence; and if a demand is found to be impracticable, proper effort&for that purpose having been made, the endorser will be held liable, due notice having been given to him.”
He states one of the exceptional cases thus: “In every case where the maker has no known residence, or place at which the note can be presented for payment, a demand will be excused.”
He cites Story on Pr. notes, 237; Whittier v. Graffam, 3 Greenleaf, 82; Putnam v. Sullivan, 3 Mass. 53; Duncan v. McCullough, 4 S. & R. 480.
Not one of these authorities approaches to the support of the proposition, that where the maker’s residence is in a particular place, known to the endorsers, probably and presumptively known to the owner, an inquiry and demand of the bankers with whom the note is lodged for collection,. and search in a directory is enough.
It is attempted to bring the case within that class of authorities *87 which, hold that an endorser is not discharged, when it clearly appears that he could suffer no injury from the want of presentment.
To this proposition, the language of Mr. Justice Nelson, in The Mechanics' Bank v. Griswold, (7 Wendell, 168,) and of Justice Cowen, in The Commercial Bank v. Hughes, (17 Wendell, 98,) may be cited. The rule is best stated in the example given by Judge Nelson. “ Where the endorser is himself the debtor, as where the note is discounted for his accommodation, and the money raised upon it is received by him, and, therefore, he is ultimately holden to pay it, the reason of the rule cannot apply."
The only ground of excuse here, is, that the endorser got notice of a presentment and dishonor, and that the maker was insolvent. In other words, he could not, and would not, have paid, had he been personally required to do so.
" This is not a legal excuse for omitting a regular presentment.
Judgment must be entered for the defendants, Lyon & McLean, dismissing the complaint with costs.