The only question presented by this case is, whether the defendant was properly charged as indorser of the note in suit, by a due presentment and demand of payment of the same of the makers. The note was made by Hartman Ilch, who were partners in business, and was payable six months after date, but specifying no place of payment. The demand of payment was consequently required to be made of the makers personally, or at their dwelling-place or place of business. (Story on Bills of Exchange, § 362; Taylor v. Snyder, 3 Denio, 145.)
On the subject of the demand, the referee finds the following facts. We assume the facts, as settled by the report, do not look out of it to find any other state of facts than such as are found by him: Prior to the 26th of October, 1860, the makers resided and carried on business at No. 622 and 624 Broadway, in the city of New York; and on or about that day they hired the basement of the building at the corner of Bowery and Division street, in said city, for the purpose of carrying on business there; removed a portion of their furniture and property to that place, and occupied it for a month, and partially fitted up the premises for their business. Before the 3d of November, on which day the note fell due, they informed the plaintiff they were about to remove *Page 635 
to the said basement, and they were seen there by the plaintiff before that day. A few days only before the note fell due, both the makers changed their private residences, one of them moving twice between the 23d of October and the 5th of November. The plaintiff lived at Hoboken, in New Jersey, and it did not appear that he had any knowledge of these changes of residence, or that he was apprised of any thing but the fact communicated to him by the maker, in the presence of the defendant, that they had removed their place of business to the basement aforesaid.
The person who made the demand, having received instructions to that effect, went with the note on the day it fell due, to the basement on the corner of Bowery and Division street, and found it closed and no person therein. He then made inquiry in the vicinity for the makers, but was unable to find them, or either of them. From there he went immediately to No. 622 and 624 Broadway, where the sign of the firm was still up, and made inquiry there and in the vicinity, but could not find them, or either of them, or any person to answer for them, or obtain any information in respect to their residence, or the place to which they had removed. He then protested the note, stating that after diligent search he was unable to find the makers, and sent due notice to the defendant, by mail, at his place of residence. On the facts, the referee found as a conclusion of law that the note was duly presented for payment and notice given, and judgment was rendered thereupon against the defendant for the amount of the note and interest.
Assuming these facts, as we do, from the findings of the referee (and they are amply sustained by the evidence), I think his conclusion was entirely right. The rule that requires a demand in such a case to be made personally, or at the residence or place of business of the makers, is satisfied if due and reasonable diligence is used to ascertain such residence or place of business. In this case, such diligence seems to me to have been employed. The makers of the note, by their own statement to the holder of the note, located themselves at the basement designated by them. They, in fact, vacated *Page 636 
the premises theretofore occupied by them, and were, on the 3d of November, so far as they were carrying on business at all, in the use and occupation of the basement at the corner of Bowery and Division street. In addition to a demand at this place, the notary also called at the former place of business and residence of the makers, and at both places and in the vicinity of each made inquiries for the parties; from which he could derive no information as to the whereabouts of either of them. I do not well see what greater diligence he could have employed. A search in the directory would have been of no avail, since the change of residence had been so recent that it would have afforded no aid; and if the inquiry and search had been limited to the directory, it would clearly have been insufficient. (Packard v. Lyon, 5 Duer, 82.) I am unable to perceive any track of inquiry or investigation that could have been pursued that would have been rewarded by a discovery of the then actual residences of these parties; and am of opinion that all the diligence the case called for, or the law exacts, was employed by the notary in making the demand of payment.
The judgment should be affirmed.
All the judges concurring, except MASON, J.,
Judgment affirmed. *Page 637