## CHRISTIAN F. HOLTZ, RESPONDENT, *v.* JOHN A. BOPPE, APPELLANT.

*Promissory Note—Liability of Endorser—Presentation to Maker—Diligence.*

The rule that requires a demand of payment of a note to be made personally upon the maker thereof, or at his residence or place of business, when no place of payment is specified in the note itself, is satisfied if due and reasonable diligence is exercised in ascertaining the place of residence or of business of the maker, though without success.

*Chas. N. Black* for Appellant.
*Samuel J. Glassey* for Respondent.

BACON, J.—The only question presented by this case is, whether the Defendant was properly charged, as endorser of the note in suit, by a due presentment and demand of payment of the same of the makers. The note was made by Hartman & Ilch, who were partners in business, and was payable six months after date, but specifying no place of payment. The demand of payment was consequently required to be made of the makers personally, or at their dwelling-place, or place of business. On the subject of the demand, the referee finds the following facts (we assume the facts as settled by the report, and do not look out of it to ascertain whether any other state of facts existed than such as are found by the referee): Prior to the 26th of October, 1860, the makers resided and carried on business at Nos. 622 and 624 Broadway, in the city of New York; and on or about that day they hired the basement of the building at the corner of Bowery and Division street, in said city, for the purpose of carrying on business there, removed a portion of their furniture and property to that place, and occupied it for about a month, and partially fitted up the premises for their business. Before the 3d of November, on which day the note fell due, they informed the Plaintiff they were about to remove to the said basement, and they were seen there by the Plaintiff before that day.

A few days only before the note fell due, both the makers changed their previous residences, one of them removing twice between the 23d of October and the 5th of November. The Plaintiff lived in Hoboken, New Jersey, and did not appear to have had any knowledge of their changes of residence, nor did it appear that he was apprised of anything but the fact communicated to him by the makers, in the presence of the Defendant, that they had removed their place of business to the basement aforesaid.

The person who made the demand having received instructions to that effect, went with the note, on the day it fell due, to the basement on the corner of Bowery and Division street, and found it closed, and no person therein. He then made inquiry in the vicinity for the makers, but was unable to find them, or either of them. From there he went immediately to Nos. 622 and 624 Broadway, where the sign of the firm was still up, and made inquiry there, and in the vicinity, but could not find them, or either of them, or any one present to answer for them, or obtain any information in respect to their residence.

He then protested the note, stating that after diligent search he was unable to find the makers, and sent due notice to the Defendant, by mail, at his place of residence. On these facts the referee found, as a conclusion of law, that the note was duly presented for payment, and notice given, and judgment was rendered therefor against the Defendant, for the amount of the note and interest.

Assuming these facts, as we do, from the findings of the referee, I think his conclusions were entirely right. The rule that requires a demand in such a case to be made personally, or at the residence or place of business of the makers, is satisfied if due and reasonable diligence is used to ascertain such residence or place of business. In this case, such diligence seems to me to have been employed. The makers of the note, by their own statement to the holder of the note, located themselves at the basement designated by them ; they, in fact, vacated the premises theretofore occupied by them, and were, on the 3d of November, so far as they were engaged in business at all, in the occupation of the basement on the corner

Opinion by BACON, J.

of Bowery and Division street. In addition to a demand at this place, the notary also called at the former place of business and residence of the makers; and at both places, and in the vicinity of each, made inquiries for the parties, from which he could derive no information as to the whereabouts of either of them. I do not well see what greater diligence he could have employed. A search in the Directory would have been of no avail, since the change of residence had been so recent that it would have afforded no aid; and if the inquiries and searches had been limited to the Directory, it would clearly have been insufficient. I am unable to perceive any track of inquiry or investigation that could have been pursued that would have been rewarded by a discovery of the actual residence of these parties, and am of the opinion that all the diligence the case called for, or the law exacted, was employed by the notary in making the demand of payment.

The judgment should be affirmed.

All concur, except MASON, J.

Affirmed.

JOEL TIFFANY,

State Reporter.
