BURROWS (ATKYNS v.). See Case No. 618.

BURROWS (BROWN v.). See Case No. 1,996.

---

## Case No. 2,205.

### BURROWS et al. v. HANNEGAN.

[1 McLean, 309.][1]

Circuit Court, D. Indiana. May Term, 1838.

PROMISSORY NOTE—WHERE PAYABLE—DEMAND—NOTICE OF NON-PAYMENT—WAIVER.

1. A note given by citizens of Indiana to A and B, of Cincinnati, but not payable at any particular place upon its face, must be demanded when due, of the drawers, and at their usual place of business to charge the endorser.

[See McGruder v. Bank of Washington, 9 Wheat. (22 U. S.) 598; Bank of Washington v. Triplett, 1 Pet. (26 U. S.) 25. Contra, Bowie v. Blacklock, Case No. 1,729.]

2. A demand at the counting house of the persons to whom the note was payable, is not sufficient. And a notice to the endorser of such a demand cannot charge him.

3. If an endorser take a partial indemnity, after the note becomes due, he does not thereby waive legal notice.

[At law. Action by Burrows, Hall & Co. against Edward A. Hannegan. The defendant demurred to the first and second counts of the declaration, setting forth the place of making, indorsement, and payment, and the demurrer was overruled. See next following case, No. 2,206. The parties proceeded to trial, and a nonsuit was entered.]

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

Fletcher & Butler, for plaintiffs.
Mr. Morrison, for defendant.

OPINION OF THE COURT. This action is brought by the plaintiffs as endorsees of the defendant. A jury was sworn and the facts admitted are, that the notes assigned by the defendant to the plaintiffs were given by Tillinghast and Gardner, for goods sold at Cincinnati; the notes were dated there, and Hannegan was to endorse them. The makers of the notes lived at Newport, Indiana. Notes being first drawn, payable at a bank in Indiana, but being objected to, they were drawn payable generally as they now appear. After the goods were forwarded, the notes were sent to Washington City, where they were endorsed by the defendant. When the notes became due, a notary public not finding Tillinghast and Gardner in Cincinnati, made a demand of payment in that city, and protested the notes for non-payment. At this time, and indeed at the time the notes were assigned, Tillinghast and Gardner were in doubtful circumstances, and the defendant obtained a mortgage on a lot as an indemnity. This lot did not give a full indemnity, but it was all the property that could be pledged. The defendant, on being written to by plaintiffs, replied that the notes must be paid without suit, and this was admitted to have been written by him. And he also admitted that he had received a partial indemnity; but eventually he observed that he would not pay the notes, unless compelled by law. On this evidence the counsel for the defendant moved the court to instruct the jury to find for the defendant. This motion was resisted by plaintiff's counsel, and they cited 2 Greenl. 809; 2 Am. Com. Law, 288, 282; 5 Mass. 176; 1 Johns. Ch. 99; Chit. Bills, 279.

Whether the assignment be considered as having been made at the city of Washington, or at Cincinnati, it is governed by the law merchant, and a demand of the drawers and notice of non-payment to the indorser was essential to charge him. If the contract of assignment be considered as governed by the Indiana law, then a suit and prosecution to insolvency was necessary. In deciding the case, it is not necessary to determine which law regulates the assignment. The note upon its face was not made payable at a particular place. It was payable to the plaintiffs, who reside at Cincinnati; but the drawers did not promise to pay the money at their counting house. If they had fixed the place of payment, a demand at such a place, when the note became due and notice to the indorser, under the law merchant, would have charged him. And this is the kind of diligence relied on by the plaintiffs, as entitling them to recover the money from the defendant as endorser. The notary states the demand was made at Cincinnati, but at what place is not specified, and if specified, the demand would have been equally defect-

ive, as the drawers did not agree to pay the money at a particular place. The demand should have been made of the drawers personally, or at their usual place of abode or of business. This was not done, and consequently the diligence which the law requires, to give a recourse against the indorser, was not used by the plaintiffs. But it is insisted that the defendant, by assurances given to the plaintiffs, and by taking a mortgage from the drawers, for his indemnification, has waived a demand of the drawers and notice. The defendant on different occasions assured the plaintiffs before the note became due and, perhaps afterwards, that the drawers should or would pay the note. But there was no promise on his part to pay it. It was formerly held that an express promise to pay, under a misapprehension of a legal liability, by the indorser, was not binding, and that a payment of the money under such circumstances, could be recovered back again. Bilbie v. Lumley, 2 East, 471; Williams v. Bartholomew, 1 Bos. & P. 326; Stevens v. Lynch, 12 East, 38; Chit. Bills (Ed. 1839) 535. But this doctrine has been overruled. Brisbane v. Dacres, 5 Taunt. 143; Brown v. McKinally, 1 Esp. 279; Marriott v. Hampton, 2 Esp. 546; Id. 723. Where a promise of payment is now made by the indorser it is held as an evidence of his liability to pay, and consequently an admission of legal demand and notice. Porter v. Rayworth, 13 East, 417. Contra, Warder v. Tucker, 7 Mass. 449; Freeman v. Boynton, Id. 483, 9 Mass. 332; 1 Bay, 291; Griffin v. Goff, 12 Johns. 423; Trimble v. Thorne, 16 Johns. 152.

If an indorser propose to the holder to pay the bill by installments, and such offer be rejected, he is at liberty afterwards to avail himself of the want of notice. Goodall v. Dolley, 1 Term. R. 714. A promise to pay without knowledge of a refusal to accept, will not be binding. Blesard v. Hirst, 5 Burrows, 2672; Williams v. Bartholomew, 1 Bos. & P. 326; Stevens v. Lynch, 2 Camp. 333; Hopley v. Dufresne, 15 East. 276, 277. This is denied by other authorities. But an offer to the holder of a bill of a general composition of so much in the pound of all a party's debts, although not accepted, has been held to dispense with a notice of dishonor. Margetson v. Aitken, 3 Car. & P. 338. The assurances of the defendant had no reference to his own liability and they, therefore, do not come within the rule sanctioned by the above cases. It appears that the defendant, subsequent, it is believed, to the notes becoming due, took a mortgage from the drawers on a lot of ground of small value, in part to indemnify him, should he be held responsible, and on this ground it is contended there was a waiver of notice. In the

case of Bond v. Farnham, 5 Mass. 170, it was held if the indorser before the note becomes due, takes an assignment of all the property of the maker as security for his indorsements, it is a waiver of demand on the drawers and notice of non-payment. But, if the assignments of property were made to secure him against the indorsement of other specified notes, it would not have this effect. In the case of Prentiss v. Danielson, 5 Conn. 175. the same principle held. The court held, if the indorser of a note, to protect himself from eventual loss, take collateral security of the maker, on account of the particular note indorsed, it was a waiver of the legal right to require proof of demand on the maker, and notice to himself. Mead v. Small, 2 Greenl. 207. The holder of a bill, by taking collateral security of the drawer, not giving time, does not release the indorser. Nor does he release any one of the names on the bill, by receiving payment in part, from the drawer or immediate indorser. James v. Badger, 1 Johns. Cas. 131; Kennedy v. Motte, 3 McCord 13; Hurd v. Little, 12 Mass. 502; Ruggles v. Patten, 8 Mass. 480.

It has been considered in the above cases that when an indorser takes an indemnity for indorsing a note he waives a notice of demand. This must be on the ground that, having a pledge from the maker of the note, his interest cannot be affected by want of notice. But if the holder of the note take additional security from the indorser, the indorser is not released. He has a right to pay the note, and to be substituted to the collateral security held by the holder. If the above principle be sustainable, still the defendant in this case is not liable. His mortgage was taken after the note became due, and, at best, it was but a partial indemnity. And this property he offered to relinquish to the plaintiffs, which they refused to receive and exonerate him. So that in no point of view does it seem that the defendant has waived the notice which the plaintiffs, as holders of the note, were bound to give him of its dishonor. A partial indemnity given by the maker to the accommodation indorser of a note, to secure said indorser in part against his liability, &c. does not excuse the holder from making due demand, and giving notice to such indorser. Brunson v. Napier, 1 Yerg. 199. But a full indemnity will dispense with demand and notice. Durham v. Price, 5 Yerg. 300. To the same effect is the case of Mechanics' Bank v. Griswold, 7 Wend. 165; Chit. Bills (Ed. 1839) 473; Corney v. Da Costa, 1 Esp. 303; Brown v. Maffey, 15 East, 222, 223; Baker v. Birch, 3 Camp. 107; Clegg v. Cotton, 3 Bos. & P. 239; Bayley, Bills (5th Ed.) 303. A nonsuit was entered with leave to move to set it aside, which motion was not made.