## BALLIN v. BETCKE AND SCHUNK.

1. INDORSER: NOTICE. The general rule is, that an indorser of a promissory note, when once discharged by want of notice or other laches of the indorsee, can be made liable again only by his voluntary act or agreement, done or made with a full knowledge of the facts.

2. SAME: BURDEN OF PROOF. In an action upon an indorsement the burden of showing a waiver of laches, and that it was made with a full knowledge of the facts, is upon the holder of the note.

*Appeal from Dubuque District Court.*

THURSDAY, OCTOBER 18.

*Bissell, Mills & Shiras* for the appellants.

*H. S. Jennings*, for the appellee, cited *Latterett* v. *Cook*, 1 Iowa 8, and the cases there cited; 2 Iowa 44; *Gibson* v. *Johnson*, 4 Ib. 463; *Wilkinson* v. *Daniels*, 1 G. Greene 179; *Hamett* v. *Coffin*, 3 Ib. 205.

BALDWIN, J.—This was a suit against Betcke & Co., as the makers, and M. Schunk as the indorser, of a promissory

note. Schunk defends, and avers in his answer that the plaintiff failed, at the maturity of the note, to present the same for payment, and to give to him such notice of presentation as was sufficient to charge him as indorser. To this answer the plaintiff replied, alleging that after maturity of said note, the appellant admitted to the attorney of plaintiff his obligation and liability to pay said note, and requested the said attorney to forbear from sueing said note for a few days, and he would pay the same.

To this replication the defendant demurred, alleging as a cause therefor, that it did not appear from the said replication that appellant made such promise with the full knowledge of his legal discharge from liability on said indorsement.

This demurrer was overruled, and the court also instructed the jury as follows: "A promise or acknowledgment will dispense with proof of presentment of notice. The jury is authorized to infer from such an acknowledgment or promise (in the absence of any proof to the contrary) that notice was given. Ignorance of the facts will nullify the promise or engagement, but proof of a subsequent promise will throw upon the defendants the double burden of proving *laches*, and that he was ignorant of it."

Appellant submits that this instruction had a tendency to confuse the jury, and did misdirect them as to the law with reference to his subsequent promise and waiver of notice of non-payment by the maker. The court in its instruction states that a promise or acknowledgment will dispense with proof, &c., without informing the jury what is promised or acknowledged. Also, it charges that ignorance of the facts will nullify such promise, &c., and that proof of a subsequent promise will throw upon defendant the double burden of proving *laches*, and that he was ignorant of it, without advising them what *laches* is referred to or what is meant by "ignorant of it." We think this instruction not only tended to confuse the jury, but misstated the law that should govern appellant's liability as an indorser.

Mr. Story, in his work upon promissory notes, section 361, says: "In order to make a waiver, however clearly proved, obligatory upon the party making it, it is indispensable that it should be made with a full knowledge of all the facts, that is, with a full knowledge that there has been a want of due notice of the dishonor of the note. For if he makes a promise to pay the note, in ignorance of the facts, nay more, if he pays the same under such ignorance, he will not be bound thereby; but in the former case, he will be absolved from his promise, and in the latter case, he will be entitled to recover back the money." See also, Chitty on Bills, chapter 8, page 373, chapter 10, page 533–36–39; Bailey on Bills, 290, 294. In general, an indorser, when once discharged by want of notice or other *laches* of the holder, is always discharged, and he can not again be made liable on the note except by his own voluntary act or agreement.

The burden of proof is then upon such holder to show that the indorser not only waived such notice and promised to pay the note, but it is also incumbent upon him to prove that the indorser made such promise with the full knowledge of the fact that he was released from legal obligations to pay the same.

Judgment reversed.