DAVID M'KEE, Respondent, *v.* CHARLES BOSWELL, Appellant.

*Note—Demand.*—If, at the maturity of a note, the maker has no known residence or place of business, a demand is unnecessary to bind the endorser.

*Note—Demand.*—It is presumed that the place at which the note is dated is the place of residence of the maker; but if the fact be otherwise, and the maker have a known place of residence elsewhere within the State, demand must there be made.

*Note—Demand.*—If it is agreed between the parties to a note that it shall be payable at a particular place, then a demand at that place will be sufficient; and parol evidence is admissible to prove such agreement.

### Appeal from St. Louis Circuit Court.

This suit was instituted by the holder of a promissory note against the appellant, (endorser,) the note being for four hundred and forty-nine dollars and thirty-three cents, drawn by the Farmers' and Mechanics' Insurance Company, dated Pittsburgh, March 12th, 1858, and payable four months after date, to the order of Charles Boswell, and by him endorsed.

The petition alleges that said Farmers' and Mechanics' Insurance Company made the note; that the same was presented to the maker for payment at its maturity; that payment was then demanded and refused, and that defendant had notice of such demand and refusal. In the petition, it is further alleged that the maker of the note was, at its date and ever since had been, so insolvent that a suit would have been unavailing.

The answer denied demand, notice and insolvency of maker. The note was negotiable by the laws of the State of Pennsylvania.

The Farmers' and Mechanics' Insurance Company held its chief office at the city of Philadelphia, where its president resided. For several years previous to June 1, 1858, the company had an agent at Pittsburgh, and until June 1, 1858.

Samuel Smith; the notary who protested the note, testified that he received the note from the Pittsburgh Trust Company, and by reference to the Pittsburgh Directory he saw that Thos. J. Hunter was named as the agent of said insurance company, and witness presented said note for payment to said Hunter on the day of its maturity; that Hunter then told witness that he was no longer the agent of said company, and had no funds to pay said note, and that said company had no agent at Pittsburgh; that witness protested said note for nonpayment, and gave notice thereof to defendant Boswell.

Plaintiff then offered to read said note in evidence. Defendant objected, for the reason there had been no due pre-

sentment of said note for payment. The court admitted the note in evidence. The insurance company became insolvent before the 1st of June, 1858, and had no agent or place of business in Pittsburgh after said 1st day of June.

The court, on motion of plaintiff, gave the following instructions:

1. "If the jury believe from the evidence that the Farmers' and Mechanics' Insurance Company did business in Pittsburgh, Penn., before and at the time of the making of the note in question; that said note was made, dated and issued at Pittsburgh, and was not made payable at any particular place, then said note was *prima facie* payable at Pittsburgh, and notwithstanding the principal office may have been elsewhere.

2. "If the jury believe from the evidence that, between the making and maturity of the note in question, the Farmers' and Mechanics' Insurance Company ceased to do business in Pittsburgh, and at the time of the maturity of the note had neither agent nor place of business in that city; and if it is not shown by the evidence that the plaintiff, or his agent for collection, knew before the last day of grace of said note the facts that said company had ceased business, and were without an agent or place of business; and if the jury further believe from the evidence that on the last day of grace of said note the same was presented by the holder or his agent, at the last place of business of said company in Pittsburgh, to the person who executed said note for the company, and who was its last agent in Pittsburgh, and demanded payment of said note from said last agent, and that payment was refused then and there, was a legal and sufficient presentation for, and demand of, payment of said note; and if the jury further believe from the evidence that on the same day of said presentation, demand and refusal, the holder of said note, or his agent, deposited in the United States post office at Pittsburgh a notice of said presentation, demand and refusal, postage paid, and addressed to the defendant at the city of St. Louis, Missouri, then the plaintiff is entitled to recover, provided

that said St. Louis was then the place of residence of said defendant."

Defendant asked, and the court gave, the following instructions:

1. "The insolvency of the maker of the note sued on at the maturity of said note cannot affect the liability of the defendant on said note.

2. "To entitle the plaintiff to recover in this case, he must prove to the satisfaction of the jury that the note sued on was at its maturity presented to the maker, or at the place of business of the maker, for payment, and payment was then and there demanded.

3. "If the jury find from the evidence that the Farmers' and Mechanics' Insurance Company had no place of business or agent at Pittsburgh, at the maturity of the note sued on, then plaintiff is not entitled to recover.

4. "If the jury find from the evidence that, at the maturity of the note sued on, the maker of said note had no office or agent at Pittsburgh; that said company then had an office at the city of Philadelphia, which fact the plaintiff could have ascertained by inquiry, the plaintiff cannot recover."

Defendant asked and the court refused the following:

1. "Unless the jury find from the evidence that the note sue on was presented for payment, at its maturity, to the maker, or at the place of business of the maker, or to a person who, at the time of such presentment, was the agent of the maker of said note, then plaintiff cannot recover in this case.

2. "Upon the evidence in the case, the plaintiff is not entitled to recover."

*Knox & Kellogg*, for appellant.

I. The first instruction given, on motion of plaintiff, is erroneous. The fact that the Farmers' and Mechanics' Insurance Company did business in Pittsburgh before and at the time of the making of the note sued on; that said note was made, dated and issued at Pittsburgh, was not *prima facie* evidence

that said note was payable at Pittsburgh. (1 Pars. on Bills, 441, *n.;* 5 Bin. 541; 2 Wat. & S. 140; Anderson v. Drake, 14 Johns, 114; 24 Tenn. 222.)

II. The second instruction is erroneous. The court, by this instruction, relieves the holder from any diligence in inquiry as to the residence of the maker of a negotiable promissory note, when the residence has been changed after the date of the note. If the domicil, or place of business, has been changed after the making of the note, it is the duty of the holder to make diligent inquiries to ascertain the place of business at the maturity of the note. (Sto. on Prom. Notes, § 236; 14 Johns, 114; Gillespie v. Humber, 4 McCord, 503; Bail. on Bills, 198–9, 240–1; 3 Kent's Com. 96.)

III. The insolvency of the maker does not relieve the holder from the necessity of making a demand. (Bail. on Bills, 240; Sto. on Prom. Notes, § 203, 241.)

IV. The first, second and third instructions, given on motion of plaintiff, are in direct conflict with the instructions given on motion of defendant. The evidence of the plaintiff showed conclusively that the Farmers' and Mechanics' Insurance Company had no agent or place of business at Pittsburgh after the first day of June, a month and a half before the maturity of the note. There is no conflict of testimony upon this point. The court declares that when there was no presentment to the maker at the place of business of the maker, the plaintiff cannot recover. The plaintiff himself proves that there was no such presentment, and the court enters judgment for plaintiff.

V. The court erred in refusing the fifth instruction asked by defendant. There is no pretence that the holder of the note used the slightest effort to ascertain the place of business of the maker at or before the maturity of said note. Without diligent inquiry for the residence of the maker, there could be no excuse for a failure to present said note to the maker. Such presentment must have been made to the maker, or at the place of business of the maker.

*Krum & Harding*, for respondent.

I. The instructions given to the jury at the instance of the plaintiff assert the law applicable to the case correctly. The note was made and endorsed in the State of Pennsylvania. *Prima facie* it was payable at the place where it was made. Demand of payment was made at the former and last place of business of the maker of the note, in the city of Pittsburgh, Pennsylvania. Demand, too, was made of the former agent of the Farmers' and Mechanics' Insurance Company. It does not appear that the plaintiff or his agent had knowledge of the fact that said company, before the note in question matured, had ceased to do business at Pittsburgh.

II. Reasonable diligence was used in making the demand, and due notice was given to the defendant of the demand and refusal of payment.

III. The facts established in evidence fix the liability of the defendant, and the instructions given to the jury at the instance of the plaintiff are warranted by the facts, and are correct law. (Taylor v. Snyder, 3 Denio, N. Y., 145 ; Spies v. Gilmore, 1 Coms., N. Y., 321.)

BAY, Judge, delivered the opinion of the court.

The first instruction given in behalf of the plaintiff fails to enunciate the law as we understand it. It is true that, if there be no other evidence of the maker's residence or place of business than the date of the paper, the law presumes that the maker resides, or is engaged in business, where the note is dated ; but as stated by Story, (Sto. on Prom. Notes, 230, n. 1,) it is a presumption only, and if the maker resides elsewhere within the State when the note falls due, and that be known to the holder, demand must be made at the maker's place of residence. Anderson v. Drake, 14 John, 114, was a suit against the endorser of a promissory note, bearing date in the city of New York, but not made payable at any particular place. When the note was made, the maker lived in New York; but before it matured, he removed to Kingston, in the county of Ulster. The plaintiff's counsel insisted that,

as the note was dated in New York, and the parties resided there at the time it was made, it must be presumed, (no particular place being designated for the payment,) that it was payable in New York. But the court held that a demand of the maker personally, or at his residence or place of business in Kingston, was necessary to hold the endorser. C. J. Thompson, who delivered the opinion, said : " Where a note is not made payable at any particular place, and the maker has a known and permanent residence within the State, the holder is bound to make a demand at such residence, and whoever takes such a note is presumed to have made inquiry for the residence of the maker in order to know where to demand payment, and to assume upon himself all the inconvenience of making such demand, and the risk of the maker removing to any other place before the note falls due."

The same doctrine was held in Taylor v. Snyder, 3 Denio, 145, and in Fisher v. Evans, 5 Binney, 541, and is fully supported by authority. If this principle is correct, then the second instruction given for the plaintiff must be erroneous, for it assumes that there was no necessity for the holder to make any inquiry as to whether the defendant had an office or place of business elsewhere than in Pittsburgh. It is also in conflict with the first instruction given for the defendant, which declares that to entitle the plaintiff to recover, he must prove to the satisfaction of the jury that the note was at its maturity presented to the maker, or at the place of business of the maker, for payment, and payment was then and there demanded; amounting to a declaration that the law, in no event, and under no circumstances, excuses a want of presentment or demand—an error so palpable that it must have been a mere inadvertency growing out of the hurry and confusion of a *nisi prius* trial. If the defendant at the maturity of the note had no office or place of business, and no agent at any place, then a presentment was impossible, and the law never imposes an impossibility on any one.

As this case will be remanded for a further trial, we will state what we understand to be the law applicable to it.

37—VOL. XXXIII.

1. If, at the maturity of the note, the defendant had no place of business, and no agent to represent it, then a demand was unnecessary to hold the endorser. .

2. If, at the maturity of the note, the defendant had a place of business in Philadelphia, and the agency had ceased to exist in Pittsburgh, and there was no agreement that the note should be payable at Pittsburgh, and the maker had done no act to induce the holder to make the presentment at Pittsburgh, then it was incumbent upon the holder to make the demand at the office in Philadelphia, if, upon reasonable inquiry, he could have ascertained that the defendant had an office in Philadelphia.

3. If it was agreed and understood between both parties that the note was to be paid at the office of the agent in Pittsburgh, and prior to, and at the maturity of the note, such office had ceased to exist, then no demand was necessary, and parol evidence is admissible to prove such agreement or understanding. (1 Pars. on Notes & Bills, 424, 438.)

It is insisted by the respondent that the judgment is for the right party, and therefore should not be disturbed. It is true that there is evidence tending to show that at the maturity of the note the Farmers' and Mechanics' Insurance Company had failed and ceased to transact the business contemplated by their charter, but it is not conclusive that they had no place of business, for they may have kept their office open for the purpose of winding up their affairs. It is also true that evidence was introduced tending to show that there was an agreement between the parties that the note should be payable at the office of the agent in Pittsburgh, but we cannot determine the weight or effect to be given to this evidence without encroaching too much upon the province of the jury, who, by law, are made the triers of fact. We therefore deemed it advisable to remand the case, in order that the facts may be ascertained, and the rights of the parties properly adjudged.

Judgment reversed and cause remanded, the other judges concurring.