## BLAKE v. McMILLEN.

Bills and notes negotiable: PRESENTMENT TO JOINT MAKERS. A presentment to only one of the makers of a joint note is not sufficient to charge an indorser, unless some legal excuse be shown for the failure to make presentment to the other maker.

*Appeal from Cerro Gordo District Court.*

SATURDAY, JUNE 15.

INDORSER'S LIABILITY : PRESENTMENT TO JOINT MAKER.—Action by indorsee against indorsers of a negotiable promissory note. The note was executed in Iowa by Daniel Van Patter and W. Y. Harding as joint makers, but not as partners. It was made payable to the order of the

defendant, who, before maturity, indorsed it to the plaintiff. It is alleged in the petition that Van Pattee, one of the makers, prior to the maturity of the note, died; that it was duly presented to the other maker (Harding), was dishonored, and notice given to defendant. Answer in denial. All of the evidence is in the record, and there was no proof of death of Van Pattee, nor proof of any presentment for payment, except to Harding. There was evidence of presentment to Harding, and notice of dishonor to the defendant. The court held the defendant liable, and rendered judgment against him, to reverse which he prosecutes this appeal.

*J. E. Burke* for the appellant.

*J. W. Card* for the appellee.

DILLON, J.—This judgment must be reversed. The defendant was sued as an ordinary indorser, and sought to be charged as such. His contract as indorser, was that he would pay, if the makers of the note should upon due demand refuse to pay, and he should be duly notified of the dishonor. His contract was not that he would thus pay if demand should be made of part of the makers only. If it be admitted, as was claimed by plaintiff, that the death of one of the makers would excuse demand upon his personal representative, surely the plaintiff should have established such death by evidence, plaintiff's allegation in this behalf having been put in issue by the answer. See 1 Parson's N. & B., 363, 364, 445.

1. BILLS AND NOTES NEGOTIABLE: presentment to joint makers.

The note was not signed by the makers as partners, nor was any copartnership relation between them shown. Nor did it appear that they resided at different and distant parts of the State, so as to render it impossible to make demand on both on the same day.

As the case stood, plaintiff's failure to present the note to both makers was wholly unexcused. It is, therefore, unnecessary to consider what facts will dispense with the necessity of a presentment to both. We cannot affirm the judgment without holding that a presentment to one only of the makers of a joint note, will charge an indorsee though the failure to present to the others is wholly unexcused. Such is not the law-merchant, according to the best considered view of this subject. 1 Parsons N. & B., 362, 363 and notes. And our statute adopts the law-merchant. Rev., §§ 1794, 1813.

The law, in this respect, is not changed by certain other provisions of the statute, ignoring, for many purposes, the technical distinctions of the common law, between joint, and joint and several liabilities. Rev. §§ 2764, 2841.

The judgment below is reversed, and the cause remanded.

Reversed.