## BLAKE v. McMILLEN.

Promissory note; PRESENTMENT: JOINT MAKERS. A presentment to one only of two joint makers of a promissory note is not sufficient to charge the indorser, in the absence of some legal excuse. That one of the makers died before the maturity of the note does not constitute such excuse. In such case the presentment should have been to the administrator.

*Appeal from Cerro Gordo District Court.*

WEDNESDAY, DECEMBER 22.

THIS suit was brought against the defendant as indorser of a promissory note, made by W. G. Harding and Daniel Van Patter, payable to the defendant or order, and by him indorsed to plaintiff before maturity.

On the trial below, it was agreed that David Van Patter, one of the makers, died before the maturity of the note; that Eliza Van Patter was duly appointed administratrix of the estate of the deceased, and was such at and after the maturity of the note; that due presentment and demand of payment were made of Harding, the surviving joint maker, and payment refused; that the defendant had due notice of such demand and refusal; that no presentment was made to the personal representative of the deceased joint maker, and that the note was not filed as a claim against his estate. Upon these facts the court rendered judgment for plaintiff. Defendant excepted and appeals.

*Stanberry, Gibson & Stanberry* for the appellant.

No appearance for the appellee.

MILLER, J. — On a former appeal in this case, it was held that a presentment to one only of the two joint makers was not sufficient to charge the indorser, unless some legal

excuse be shown for the failure to make presentment to the other. *Blake* v. *McMillen*, 22 Iowa, 358. The agreed facts show that David Van Patter died before the maturity of the note; that Eliza Van Patter was his legal representative when the note became due and no excuse is shown for a failure to make presentment to her. Following the ruling on the former appeal the judgment is

Reversed.