### Pryor v. Bowman.

**Promissory note:** INDORSER AND INDORSEE: LIABILITY ON PAPER OVER-DUE. Demand must be made and notice given within a reasonable time to bind an indorser of a negotiable note after maturity. What constitutes a reasonable time is a question of fact for the jury.

*Appeal from Decatur District Court.*

THURSDAY, MARCH 19.

ACTION at law against the defendant as indorser of two promissory notes made to him or bearer, and indorsed after maturity. The defendant for answer set up a general denial, and that the indorsement was made by an agent who made it without recourse, and was only authorized so to make it. There was a trial to a jury, who returned a verdict for the plaintiff for the amount of the two notes and interest. A motion for a new trial was overruled, and judgment entered on the verdict. The defendant appeals.

*A. M. Post* and *J. W. Harvey*, for appellant.

*Warner & Bullock*, for appellee.

COLE, J. The court gave to the jury eleven instructions; the eighth, ninth and tenth only, were excepted to, and the stress of the argument here, is upon the correctness of the ninth, which is as follows:  " As to what would be a reasonable time to make demand in this case on the maker, and what would be a reasonable time to give notice and demand payment of the indorser, we say the party may be allowed six months or twelve months or even two years; provided it appears the indorser was not injured by such failure to give notice sooner." This is the only instruction upon this point.

This instruction is erroneous. The rule is said to be well settled, that a negotiable note transferred after maturity, is, as respects the obligations of the indorser and indorsee, like a note payable on demand, and the demand should be made and the notice given within a reasonable time, *Jones & Co., v. Middle-*

PROMISSORY note: indorser and indorsee: liability on paper over-due.

*ton et al.*, 29 Iowa, 188; *McKewer v. Kirtland*, 33 Ib., 348; and authorities cited. The reasonable time is a question of fact for the jury to determine, in view of all the circumstances. The question of injury or prejudice to the indorser has no place in the action. That question arises upon the contract of guaranty. We see no objection to the eighth instruction except the failure to correctly specify the reasonable time, nor do we see, why that asked by defendant might not have been properly given.

REVERSED.