THE BANK OF RED OAK v. ORVIS ET AL.

1. **Promissory Note:** INDORSER: EVIDENCE. To charge an indorser in an action on a promissory note, demand and notice must be established by affirmative proof.

2. ——: ——: JOINT MAKERS. Where there are joint makers, evidence of presentation and demand upon all must be given to bind the indorser.

*Appeal from Mahaska Circuit Court.*

FRIDAY, APRIL 9.

ACTION upon two promissory notes; trial to the court without a jury, and judgment for plaintiff. Defendant, Fisher, appeals.

*E. M. Davenport* and *Z. T. Fisher*, for appellant.

*John F. Lacey*, for appellee.

BECK, J.—The notes in suit were executed by two joint makers to Fisher, who indorsed them to plaintiff. The action was brought against both makers and the indorser, and judgment rendered against all of them. No objection is made to the judgment by the makers, the indorser alone appealing.

I. The evidence before the court did not authorize the judgment against the indorser. There was no evidence of presentation and demand of payment upon one of the notes. The indorser cannot be charged thereon in the absence of such evidence and of proof of the notice required by law.

1. PROMISSO-
SORY NOTE:
indorser:
evidence.

II. The evidence shows the presentation and demand of payment upon the other note made on one of the joint makers only. This is insufficient to charge the indorser on that instrument. *Blake v. McMillen*, 22 Iowa, 358; same case, 33 Iowa, 150. See *Allen v. Harrah*, 30 Iowa, 363, which is not inconsistent with the other cases cited, as the note involved therein was payable in Ohio.

2. ——: ——:
joint makers.

The judgment as to the appellant, Fisher, is

REVERSED.