## GRAUL v. STRUTZEL ET AL.

1. **Promissory Note:** INDORSEMENT: TRANSFER AFTER MATURITY. A negotiable promissory note, transferred by indorsement after maturity, must be presented for payment to all the makers in person, or at their usual places of residence or business, within a reasonable time after the transfer, and notice of non-payment immediately given to bind the indorser.

2. ——: ——: PRINCIPAL AND AGENT. A special authority given to an agent to sell certain notes does not include authority to bind the principal by a guaranty of their payment, and an acceptance of the sale by the principal will not render him liable upon such guaranty if made by the agent.

*Appeal from Clinton Circuit Court.*

SATURDAY, JUNE 12.

ACTION upon two promissory notes signed by the defendants Mathias Strutzel, Andrew Peshel and Margaret Strutzel, as makers, and payable to the order of the defendant John Adam. The notes were transferred by John Adam to the plaintiff, and indorsed in blank. The transfer was made after one of the notes became due, and before the maturity of the other; both of said notes were negotiated at the same time, and in one transaction. The plaintiff claimed that within a reasonable time he made a demand of payment of the makers of the note which was due when he received the same, and gave the proper notice of non-payment to said John Adam, the indorser. He further claimed that at the time he made the purchase, by a verbal agreement between the plaintiff and said Adam, the said Adam guaranteed the payment of both of said notes.

The defendant Adam denied that any agreement was made guaranteeing said notes, and denied that demand of payment was made of the makers, and notice of non-payment given to said defendant, and averred that the transaction was the ordinary transfer of paper by blank indorsement, and that no

liability attached to the defendant by reason of the want of proper demand and notice. The action was aided by attachment and was commenced before the last named note became due. There was a trial by jury, which resulted in a verdict and judgment for the defendant. Plaintiff appeals.

*E. C. Rowell* and *N. Corning*, for appellant.

*A. R. Cotton*, for appellee.

ROTHROCK, J.—I. It is contended by counsel for the plaintiff that, as to the note which was over-due when it was indorsed, no demand of payment and notice of non-payment to the indorser was necessary. But such is not the rule. A note indorsed after due must be presented to all the makers for payment within a reasonable time, and notice of non-payment must be given to the indorser immediately, which means, at furthest, the next day after default, where the parties reside in the same town. *McKewer v. Kirtland*, 33 Iowa, 348; *Pryor v. Bowman*, 38 Iowa, 92; *Blake v. McMillen*, 33 Iowa, 150; *Bank of Red Oak v. Orvis*, 40 Iowa, 332.

<span style="margin-left:2em">1. PROMIS-SORY note: indorsement: transfer after maturity.</span>

There was no evidence tending to show a demand upon all the makers of the note within a reasonable time, nor at any time. It does appear that the plaintiff mailed written notices to the makers, and that two of them called upon him in a day or two afterwards. All of the parties, so far as appears, resided in the same neighborhood. It does not appear that the note was at any time presented for payment personally to all the makers. This must be done to charge the indorser, or the presentment must be made at the place of residence or business of the makers. *Hartford Bank v. Green, Thomas & Co.*, 11 Iowa, 476; Edwards on Bills and Notes, 485.

The note which was indorsed before due was not at any time presented for payment to the makers and notice of non-payment given to the indorser, but it is contended that, as

this action was pending when the note became due, no demand and notice was necessary. We know of no way in which the liability of an ordinary indorser of negotiable paper can be fixed but by pursuing the rules prescribed by the law merchant. These rules require a demand to be made upon some one of the days of grace, and notice to be given to the indorser immediately, where the indorsement is made before maturity.

II. The evidence shows that one Bonoritz, as agent of Adam, negotiated the notes to the plaintiff through one 2. ——:——; Van Zant, agent of the plaintiff. The court in *principal and agent.* its instructions to the jury ignored the question of a verbal guaranty of the notes, and refused instructions asked by the plaintiff upon that subject. At the request of the defendant, instructions were given to the effect that authority to an agent to sell promissory notes does not authorize the agent to guarantee the payment thereof, and that it would require express authority from the principal to the agent to authorize the latter to bind the former by a guaranty, and that an agent's authority cannot be proved by the agent's declarations. These instructions and rulings of the court were excepted to, and are now made the ground of complaint by appellant. We think the instructions and rulings in question are correct. The evidence shows that the defendant Adam gave the notes to Bonoritz to sell, with directions to do all that was to do in his (Adam's) name. When the agent sold the notes he wrote Adam's name on the back thereof, and plaintiff sought to prove by Van Zant that Bonoritz agreed that Adam should guaranty payment, and declared that he had authority from Adam to make the guaranty. The declarations of the agent as to the extent of his authority were excluded. That this was correct there can be no doubt. It is a fundamental principle that the authority of an agent cannot be proved by the agent's declarations alone. There was no other evidence tending to show that Bonoritz was authorized to guarantee the notes. By excluding this evi-

dence, the authority shown was an authority to sell or dispose of the notes, and nothing more. The appellant contends that this authority authorized the agent to guarantee payment. We think all that can be implied from an authority to sell and dispose of the notes is authority to sell in the ordinary and usual manner, that is, by the ordinary indorsement. Bonoritz was not, so far as appears, the general agent of the defendant to transact business of this character for him. For aught that appears, he was a special agent clothed with authority to sell these particular notes. A party dealing with an agent acting under an express or special authority, whether written or verbal, is bound to know at his peril the powers of such agent, and any contract made with the agent without the scope of his authority is void as to the principal. A special authority or direction to sell property does not authorize a sale on credit, unless such credit is in accordance with the usages of trade, and is not beyond the usual period. *Payne v. Potter*, 9 Iowa, 549.

There is nothing in these views inconsistent with the case of *Eadie, Guilford & Co. v. Ashbaugh*, 44 Iowa, 519. In that case the plaintiffs were held to have adopted a contract made by one not their agent, by which a machine was sold to the defendant with a warranty. The machine, having failed to fulfill the warranty, was returned to the assumed agent. In the meantime, the pretended agent had delivered to the agent of plaintiffs the notes given for the machine, and suit was brought thereon. It was held that the plaintiffs were bound by the warranty. It will be observed that the machine was returned to the party who sold it on the pretense of being agent, and this was in compliance with the contract of warranty. In that case no authority whatever was given to a party who assumed to act as agent, and it was held that if the plaintiffs ratified and adopted his acts, they must do so *in toto*. In the case at bar there was a special agency to sell the notes, and the agent exceeded his authority. If there had been no agency whatever, and if the notes had been

returned to Bonoritz in pursuance of some stipulation in the contract of sale, the cases would be in some degree alike.

AFFIRMED.