[In Bank. — December 29, 1883.]

## NICOLAS LUNING, RESPONDENT, *v.* TULLY R. WISE, APPELLANT.

PROMISSORY NOTE — PRESENTMENT AND DEMAND — WHEN EXCUSED. — One of the joint makers of a promissory note executed in this State resided in Kentucky at the time of the execution and maturity of the note, his name being signed thereto by the other joint maker under a power of attorney. The note was duly presented to the resident maker at maturity, and payment thereof demanded. The action was against an indorser upon the note who defended on the ground that the note had not been presented to the non-resident maker, and payment demanded of him. *Held*, that such presentment and demand were not required to charge the indorser.

— INDORSEMENT — CONSIDERATION — PRESUMPTION. — In the absence of evidence on the subject, the presumption is that the note was indorsed for a valuable consideration before maturity.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts appear in the opinion of the court, and in the dissenting opinion of MR. JUSTICE THORNTON.

*Tully R. Wise*, in person for Appellant.

The note was a joint note, and in such case it is absolutely necessary to present it to all the makers and demand payment before the indorser can be charged. Such is the uniform rule of decisions throughout the commercial world, with one exception. (1 Daniel on Neg. Instruments, p. 443, §§ 455, 594, 595; Parsons on Notes and Bills, p. 363, n. *w.*; Story on Promissory Notes, § 239; also 255, note 2; *Blake* v. *McMillen*, 22 Iowa,

358; S. C. 33 Iowa, 150; *Union Bank* v. *Willis*, 8 Met.
504; *Arnold* v. *Dresser*, 8 Allen, 435; *Willis* v. *Green*, 5 Hill,
232; *Gates* v. *Beecher*, Ct. of Appeals of N. Y., 60 N. Y. 518;
Am. L. Reg. July, 1875, vol. 14, p. 440; Smith's Merc. Law,
304, and notes; 3 Kent Com. 105 and notes; *Greenough* v.
*Smead*, 3 Ohio St. 415, limiting and explaining *Harris* v. *Clark*.)

Where there has been no removal by the maker after the
making of the note, the holder must present it to the maker
personally, or at his residence or place of business, whether that
be in the State where instrument was made or in a foreign
country. (*Spies* v. *Gilmore*, 1 Comst. 321; *Adams* v. *Leland*,
30 N. Y. 309.)

*Sidney V. Smith & Son*, for Respondents.

The consideration of the indorsement is presumed. (Civ.
Code, § 3122.)

Jones, one of the makers of the note, being out of the State,
and not a resident thereof, and having no place of business
therein, it was not necessary to present the note to him for pay-
ment in order to charge the indorser. (Civ. Code, § 3131; Story
on Promissory Notes, § 236; *Ricketts* v. *Pendleton*, 14 Md. 330;
*Selden* v. *Washington*, 17 Md. 379; *Hepburn* v. *Toledano*, 5
Mart. (La.) 316.)

McKEE, J.—Action by the indorsee against the indorser
upon a promissory note, of which the following is a copy:—

"475.00.

"SAN FRANCISCO, March 24, 1879.

"Thirty days after date, without grace, we promise to pay to
the order of T. R. Wise, four hundred and seventy-five dollars,
with interest at the rate of one per cent per month from date
until paid. Principal and interest payable only in gold coin of
the government of the United States, for value received.

"EDWARD W. JONES,

"By his attorney in fact, Thomas H. Holt,

"THOMAS H. HOLT."

At its maturity the note was not presented to Jones, one of
the joint makers, and upon that fact the indorser makes his con-
tention that he is not bound to pay.

The note is not made payable at any particular place; but being dated at San Francisco, the presumption is that the makers resided, or had their place of business there, or at some other place within the State. (Story on Prom. Notes, 230.)

Upon that presumption it would be necessary for the holder, in order to charge the indorser to make presentment of the note at maturity to the makers at their respective places of residence or business at the place where it was dated, or elsewhere within the State, if with reasonable diligence their places of residence or of business could be ascertained. (Subds. 1, 2 4, § 3132, Civ. Code.)

Holt had his residence or place of business in San Francisco, and to him the note was duly presented at maturity, and payment refused. Yet he had executed the note for his co-defendant Jones upon a power of attorney which authorized him to execute and deliver the note for Jones, but the power of attorney gave him no authority to pay for Jones; and it is well settled that mere authority to execute a promissory note for another does not include authority to pay the note when it becomes due.

Now, it is undoubtedly true that a presentment to only one of two joint makers of a promissory note is insufficient to charge an indorser, unless some legal excuse be shown for the failure to make presentment to the other. (*Blake* v. *McMillen*, 22 Iowa, 358 ; S. C. 33 Iowa, 150 ; *Arnold* v. *Dresser*, 8 Allen, 435 ; *Union Bank* v. *Willis*, 8 Met. 504.) The death of one of the joint makers does not constitute an excuse, if presentment may be made to the executor or administrator of his estate. (*Hale* v. *Burr*, 12 Mass. 86 ; *Haight* v. *Kindhart*, 1 S. C. 189.)

But the circumstance in this case which distinguishes it from those cases is the fact, proved in the case, that at the time of the execution and maturity of the note Jones had no residence or place of business in San Francisco or within the State of California. He resided in the State of Kentucky, and the question arises, whether that constitutes a legal excuse for the non-presentment of the note to him at maturity.

"It seems," says Justice Story, in his work on Promissory Notes, "that if the maker of a promissory note resides, or has his domicil, in one State, and actually dates and makes, and delivers a promissory note in another State, it will be sufficient

for the holder to demand payment thereof at the place where it is dated, if the maker cannot personally, upon reasonable inquiries, be found within the State, and has no known place of business there."

In *Ricketts* v. *Pendleton*, 14 Md. 330, which was an action upon a promissory note dated at Baltimore, and in which it was admitted as a fact that the makers of the note had not, nor had either of them his or their place of business within the State of Maryland, the Supreme Court of that State held that the fact excused the holder from making demand upon them at Baltimore where the note was made payable. "The attempt to make demand," said the court, "would have been futile." (See also, *Selden* v. *Washington*, 17 Mo. 379.) And in an action upon a promissory note dated at New Orleans, made by one who resided in the State of Kentucky, it was held by the Supreme Court of Louisiana that the holder of the note was not obliged to go out of Louisiana to make demand. (*Hepburn* v. *Toledano*, 5 Mart. (La.) 316.) "If," say the court, "the maker lives in another country, the indorsees cannot be presumed to know his residence; and all that the law requires of the holder is due diligence at that place where the note is drawn." (*Hepburn* v. *Toledano*, 5 Mart. (La.) 316.) "This," said Mr. Justice Sharkey, "must be the rule of law; for it is impossible to send notice to the domicil of a party who has none, and it would be absurd to require a party to prove that he diligently tried to find that which he proves had no existence." (*Tunstall* v. *Walker*, 2 Smedes & M. 638; *Moore* v. *Coffield*, 1 Dev. 247; *McKee* v. *Boswell*, 33 Mo. 567.)

Section 3131, Civil Code, affirms the rule of these cases. "If," says the Code, "the principal debtor have no place of business, or if his place of business cannot, with reasonable diligence, be ascertained, presentment for payment is excused."

Error is also assigned that there was no evidence to show that defendant indorsed the note for a consideration. But the presumption was that he had indorsed it for a valuable consideration before its maturity (§§ 3104, 3122, Civ. Code), and he offered no evidence to the contrary.

Judgment and order affirmed.

MORRISON, C. J., MYRICK, J., and McKINSTRY, J., concurred.

SHARPSTEIN, J., concurring. — I concur. In addition to the grounds stated by MR. JUSTICE McKEE I attach some importance to the circumstance of payment being demanded of the agent of Jones, who had authority to and did execute this note in the name of Jones. In *Philips* v. *Astling*, 2 Taunt. 206, it was held if the drawee of a bill went abroad, leaving an agent in England with power to accept bills, that a bill so accepted by such agent must be presented to him for payment, if the drawee continued absent. If the drawee had accepted the draft himself and then gone and continued abroad, that would have excused presentation to him. And although it does not appear that the agent who accepted said draft for the drawee had any authority to pay it, or to do more than accept it for said drawee, Lord Mansfield held that in order to charge the indorser, said draft must be presented to the agent who accepted it.

THORNTON, J., dissenting. — I respectfully dissent from the judgment of the court in this case.

The decision of the court below in this case is as follows: —

"First. That on the 24th day of March, 1879, Edward W. Jones and Thomas H. Holt executed and delivered to the defendant their promissory note, which is set forth in the complaint; and that on said day defendant, for a valuable consideration, indorsed and delivered said note to plaintiff, who ever since then has been and is now the legal holder and owner thereof.

"Second. That no part of said note or of the interest thereon has been paid.

"That on the 23d day of April, 1879, plaintiff presented said note to Thomas H. Holt, in the city and county of San Francisco, State of California, and demanded payment of said note, and interest thereon, then due from said Holt, individually, and as the attorney in fact for said Edward W. Jones; and that said Holt, for himself and as such attorney in fact, then refused to pay said note, or the interest or any part thereof.

"That thereupon, on said last mentioned day, the plaintiff caused said note to be protested for non-payment thereof, of which presentment and demand and refusal and protest the defendant on said day had full notice.

"Fifth. That said Holt had full power and authority to execute and deliver said note for and on behalf of said Jones, but that said Holt did not have authority from said Jones to pay said note when it was presented for payment to said Holt as aforesaid.

"Sixth. That said Jones neither at the date of said note nor at any time since, had or has had any place of business or residence in this State; and at the time of the execution of said note, and of said demand, was not in this State, but resided and had his place of business in the State of Kentucky.

"Seventh. That the interest on said note from its date at the rate specified therein amounts now to the sum of $132.25 in gold coin of the United States. And from the foregoing facts the court finds the following to be its conclusion of law:—

"That the plaintiff is entitled to judgment against the defendant for the sum of $607.25, in said gold coin, and it is so ordered."

Judgment was entered in accordance with the conclusion of law.

1. The consideration of the indorsement, by Wise to Luning, of the note sued on may be presumed. (Civ. Code, § 3104.) There was no evidence to rebut this presumption, and the court therefore did not fall into error in holding that the indorsement aforementioned was supported by a consideration.

2. The defendant moved for a non-suit, on the ground that no demand was shown upon Jones, the maker of the note.

One of the grounds on which the defendant moved for a new trial was that the evidence was insufficient to justify the decision, in that it does not show that the note sued on was ever presented to, and demand made of, Edward W. Jones, nor that defendant ever had any notice of it.

It appears from the statement that Jones, the co-maker with Holt of the note in suit, was when the note was executed and ever since has been a resident of Paris, county of Bourbon, and State of Kentucky, and that his place of business was there; that during the period above mentioned he was in the place above named in Kentucky, and had no place of business in the city and county of San Francisco. It also appears by the statement that Luning, when he took the note, was informed of the

facts above detailed as to the residence and place of business of Jones.

The foregoing appeared in the opening of plaintiff's case, with other facts sufficient to maintain the action unless the facts just above specially detailed establish the contrary.

The finding on the subject of Jones' place of residence and business is quoted above. (See sixth finding.)

To bind the indorser there must be a presentment of the note to the maker, and demand of payment at the time of its maturity, or as soon after as practicable in the use of reasonable diligence. This is the general rule, but circumstances may excuse it.

The question here presented for decision is whether, as Jones, one of the makers of the note was a non-resident of the State, as above set forth, and had no place of business in the State of California, when the note was executed and fell due, it was necessary to make presentment to him in Kentucky of the note and demand payment to bind the indorser, defendant here, or was he excused from making such presentment, etc., by reason of the non-residence of Jones?

On this question the cases are in conflict. There are two cases on this point in the Maryland reports. (*Ricketts* v. *Pendleton,* 14 Md. 330, and *Selden* v. *Washington,* 17 Md. 379.) The first case relates to a promissory note, and holds that when the makers of a note do not reside within the State, and have no place of business within the State, no demand upon them is necessary. It is ruled in this case that the mere fact of residence of the maker in a State other that in which the holder resides excuses him from making presentment and demand of payment. In this case the makers were non-residents at the time the note was executed, and when it matured. In the case last cited from Maryland, under like circumstances, the same ruling was made, following *Ricketts* v. *Pendleton.*

*Hepburn* v. *Toledano,* 5 Mart. (La.) 316, is also another case on the point under consideration, in which it is held that if the maker resides in another country, the indorsers cannot be presumed to know his residence, and all that the law requires of the holder is due diligence at the place where the note is drawn. But it does not appear distinctly from the report of the case,

whether the maker was a non-resident at the time the note was executed.    It does appear that when the note fell due the maker who executed the note in Louisiana was a resident of Kentucky.

If the maker was at the time the note was made a resident of Louisiana, and before it matured removed to Kentucky, the holder need not follow him to make presentment and demand. (*Anderson* v. *Drake*, 14 Johns. 114; *Taylor* v. *Snyder*, 3 Denio, 151, 156; see remarks on p. 156, as to *Hepburn* v. *Toledano*.)

The cases in New York are directly opposed to the Maryland cases above referred to.    The case earliest decided was *Taylor* v. *Snyder*, 3 Denio, *supra*.    In this case the note was made by Mr. Snyder, payable to the order of defendant, no place of payment being mentioned, and was dated at Troy, October 15, 1839. It appeared that the maker was, when the note was dated and when it fell due, a resident of Apalachicola, State of Florida. The holder at the time the note fell due knew that the maker resided at Apalachicola.    When the note matured plaintiff caused it to be presented for payment to the defendant at his store in Troy, which was refused.    Notice of dishonor was then given to defendant.    The circuit judge held that the plaintiff was not entitled to recover.    The Supreme Court sustained the ruling of the court below.    The court, per Beardsley, Judge, as to the point under discussion, said : "Where a promissory note is not made payable at any particular place, the general rule of law is that in order to charge the indorser payment must be demanded of the maker personally, or at his dwelling-house, or other place of abode, or at his counting-house or place of business.    But although such is the general rule, yet under various circumstances a demand in any form or manner may be dispensed with.    It is a question of diligence, and if a demand is found to be impracticable, proper efforts for that purpose having been made, the indorser will still be held liable, due notice having been given to him by the holder."

The learned judge then proceeds to give four instances where the demand is excused.    They are : 1st, where the maker has absconded; 2d, where the maker is a seaman on a voyage, having no domicil in the State; 3d, where the maker has no known residence or place at which the note can be presented for payment; and 4th, where a note is made by a resident of the State,

who, before it is payable, removes from the State and takes up a permanent residence elsewhere. In this last case the holder need not follow him to make the demand, but it is sufficient to present the note for payment at the maker's former place of residence. In the instances just mentioned, reasonable diligence does not require a demand on the maker personally. The circumstances detailed excuse it.

It is well to advert to the observations made in the opinion as to these exceptions: "These exceptions to the general rule," said the court, "it will be seen all rest on peculiar reasons. In the one the maker has absconded; in another, he is temporarily absent, and has no domicil or place of business within the State; in a third, his residence, if any he has, cannot be ascertained; while in the fourth he has removed out of the State and taken up his residence in another country. In each of these instances, let it be observed, the fact constituting the excuse occurs subsequently to the making and indorsement of the note; and it is this new and changed condition of the maker, and that only, by which the indorser stands committed without a regular demand."

The court then proceeds to inquire whether another exception should be added and extended to a case where no change in the condition of the parties from that which existed when the note was made had taken place: "Where the maker, when the note was made and indorsed, had a known residence in another State, and which remained unchanged at the maturity of the note." The court holds that such exception is not justified by any rule of law, and disallows it. The conclusion is fortified by the following course of reasoning: "The indorsement of a note is an order to the maker to pay the amount to the indorsee or holder, as is specified and agreed in the note, and an engagement by the indorser, that if the note is duly demanded of the maker and not paid, or if it shall be found impracticable to make a demand, the indorser will himself, on receiving due notice, pay the amount to the indorsee or holder. Now, where such an order is drawn upon a maker who resides in another State, and which is well known to the person in whose favor the order is drawn, upon what principle can it be said that a demand of the maker is unnecessary? The indorsee voluntarily consents to take such an order, and why should he not perform the condition on which

the ultimate liability of the indorser depends?  I confess I see
no reason why he should not.    Here is no mistake or misappre-
hension of fact at the time the indorsement is made.    The
indorsee knows where the maker resides, and that it is in
another State.    He knows that by law, unless the intervention
of a State line makes a difference, the maker must be sought
where he resides, and the demand must be made there.    When
the time for payment arrives, the maker is still at his former
residence; the facts of the case are precisely as they were when
the order was drawn.    Why, in such a case, should the State
line make a difference in the construction and legal effect of this
contract of the indorser?    It was fairly entered into between
the parties; let it then be fairly observed and performed by
them."    The court concludes that the introduction of a State
line has no possible bearing on the question, and, on the ground
that no demand on the maker was made, sustains the ruling of
the court below that the plaintiff should not recover.

I have quoted freely from this case, for the reason that the
question is more fully discussed in it that in any other I could
find.   *Taylor* v. *Snyder* was decided in 1846.    *Gilmore* v. *Spies*,
1 Barb. 158, in which a like ruling as in *Taylor* v. *Snyder* was
made was decided in 1847.    In this case the maker resided out
of the United States, and in Matamoras, Mexico, when the note
was made, and when it fell due.    A demand was nevertheless
held necessary.    This case was taken by writ of error to the
court of appeals, where the judgment of the Supreme Court was
affirmed.    (*Spies* v. *Gilmore*, 1 Comst. 321, decided in 1848.)
Gardiner, J., dissented, on the ground that the maker resided in
a foreign country.    He thought·that "the necessity of a per-
sonal demand should be confined to cases where the maker
resides within the States or Territories of the Union."    He
approved *Taylor* v. *Snyder*, as did all the justices.    Bronson, J.,
and Jewett, C. J., delivered opinions in favor of affirmance.
Attention is called to some remarks of these distinguished jur-
ists:  Said Bronson, J.: "The only excuse which has been
offered for not making demand is that it would have been
inconvenient to go or send to Matamoras for that purpose.    It
is often inconvenient to present the note for payment when the
maker and holder both reside in the same State; and yet when

the maker has a known place of residence, and there has been no change of circumstances after the giving of the note, mere trouble or inconvenience to the holder has never been held a good excuse for omitting the demand. And this is so however wide asunder the maker and the holder may live. If the plaintiff wished to avoid the inconvenience of sending to Matamoras, he should have made the note payable in New York, or got an indorsement with a waiver of demand. He has no right to change the contract which the indorser made, for the purpose of promoting his own convenience." Jewett, C. J., observed: "I cannot assent to the truth of the position assumed, that because the maker and indorser of a promissory note, at the time of the making and indorsing, reside in another State or foreign country, the indorser may be held liable without any demand being made on the maker; especially when such residence was known to the holder at the time the note was made, and has not been changed before the maturity of it. And in this there is no injustice. For it is but reasonable to conclude that each party contracted upon the supposition that the holder should make a demand of payment on the maker, at maturity, at the place of his residence, and, if not paid, give notice to the indorser, or else a *place* as well as a time of payment would be stipulated for in the note itself. To hold that a demand and a notice can be dispensed with on the ground that the maker and indorser resided in a foreign country at the time of the making and maturity of the note, would, in my judgment, be nothing short of judicially changing the terms and legal effect of the contract between these parties." (See *Packard* v. *Lyon,* 5 Duer, 82.)

The cases in Massachusetts are, in the main, in accord with the New York case above cited.

*Smith* v. *Philbrick,* 10 Gray, 252, was decided in 1857. It appears from the report of the case that the maker was a resident of Port Lavacca, State of Texas, where he had his only place of business, and that the note was made at Boston, where the maker was on a temporary visit. The court held that as there was no evidence that the plaintiff, or any of the subsequent holders of the note knew where the maker's residence was, that he made all proper inquiries as to such residence at Boston,

the place of its date, which was the proper place of inquiry, and that as he had used the diligence in this regard that the law required, the plaintiff was, therefore, excused from presentment at Port Lavacca. It is said in the opinion that if the holder had known, at the maturity of the note, the place of the maker's residence, it might, *perhaps,* have been incumbent on him to have forwarded the note to Port Lavacca for presentment, or to have used all due diligence to have done so.

*Bank of Orleans* v. *Whittemore,* 12 Gray, 496, was decided in 1860. This case approves *Taylor* v. *Snyder,* and *Spies* v. *Gilmore,* and the judgment agrees with the conclusions reached in those cases. In the opinion, the rule is thus stated by Metcalf, J.: "Where the maker of a note, where it is made and indorsed, has a known residence out of the State, which residence remains unchanged at the maturity of the note, demand must be made on him, or due diligence used for that purpose, and notice of non-payment given to the indorser before the indorser can be charged." In this case the note was executed in Boston, and the maker resided at that time and when the note fell due at Newbern, North Carolina. The fact of his residence was known to plaintiff's agent when he purchased the note for the plaintiff, and hence held known to the plaintiff. (See also *Burrows* v. *Hannegan,* 1 McLean, 309, 315, decided 1838, and reaching same conclusions as *Taylor* v. *Snyder.*)

On the authority of the cases above cited from Maryland and Louisiana, Judge Story in his work on Promissory Notes (§ 236) says: "It seems also that if the maker of a promissory note resides and has his domicil in one State, and actually dates and makes and delivers a promissory note in another State, it will be sufficient for the holder to demand payment thereof at the place where it is dated, if the maker cannot personally, upon reasonable inquiries, be found within the State, and has no known place of business there."

It is clear from the guarded language used by the learned jurist just above quoted, that he did not give to the rule stated the full sanction of his judgment. (See Story on Prom. Notes, 6th ed. § 236, and cases cited in note 3, § 264.)

I think the better rule is that laid down in *Taylor* v. *Snyder,* and *Spies* v. *Gilmore.* It is more in accordance with the anal-

ogies of the law, and the principles controlling the duty of the holder of a negotiable note in regard to presentment to and demand of the maker at maturity. It is also in accord with the rule prescribed in section 3131 of the Civil Code, requiring the presentment for payment to be made to the maker at his place of business or residence, unless where such place of business or residence cannot with reasonable diligence be ascertained. (Sub. 6, § 3131, Civ. Code.). There is no exception in this section, where a maker resides in another State, in case the residence or place of business in such State can, by reasonable diligence, be ascertained. The indorser, when he puts his name on a note, when the maker is a resident and his place of business in another State at the time of the making of the note and when it matures, contracts that before he shall be bound, presentment and demand shall be made to the maker personally or at his place of business or residence, unless the holder is ignorant of such residence or place of business, and cannot, by reasonable diligence, ascertain where they are. To hold otherwise would be to make a contract for the indorser other than that which he has agreed to. I am of opinion that presentment and demand was requisite in this case to charge the defendant.

It may be said that there are here two makers living far apart, and inasmuch as presentment and demand must be made on the day that the note falls due, that the law cannot be complied with in this particular, and therefore if presentment and demand of both makers are required, the indorser cannot be held, because, under the circumstances, the holder cannot make such presentment and demand on the day of maturity. But the law does not require that which is impossible. The presentment and demand must, under such circumstances, be made to one maker on the day of maturity, and to the other within such a period as reasonable diligence under all the circumstances demands. I find no decision on this point, but such seems to be the view of able and learned writers in regard to it. (See Story on Prom. Notes, § 239; 1 Parson's N. & B. 363, note *w*; 1 Daniel on Neg. Insts. § 595.) The presentment to the co-maker Holt, and demand on him was not equivalent to presentment to and demand of Jones, as the former was not the authorized agent of Jones for any such purpose; nor does it

appear, if Holt had such authority, that the indorser who had not agreed to it, would be bound by it. The difficulty might be avoided when the note is made, by requiring the indorser to waive presentment and demand, or the note might be made payable at a particular place.

In this case, on the opening evidence for the plaintiff, it appeared that the holder, when he took the note, was informed of the residence of Jones, the maker, in Kentucky. There was no evidence of presentment or demand on him, and consequently the defendant cannot be held liable. The nonsuit should therefore have been granted.

The findings of fact do not support the judgment, as the court does not find any presentment and demand of the maker Jones, and no circumstances which excuse such presentment and demand are found.

It follows from the foregoing that the judgment and order should be reversed, and the cause remanded for a new trial.