CLOSZ & MICKELSON, Appellants, v. JAMES MIRACLE.

Negotiable Instruments: DEMAND AND NOTICE. Presentment and demand on one of two makers of a note is not sufficient to hold the indorser.

WAIVER. To prove a waiver of demand and notice by an indorser, it must be shown that he made a waiver with knowledge of the facts that discharged him from liability.

DEMAND. There can be no such demand of payment as to charge an indorser of a note, by mailing a letter to the maker.

SAME. The necessity of a demand of payment upon a maker of a note after maturity, as a condition of holding an indorser, is not obviated by making a demand upon him before maturity, and the statement of another maker that he could not make the payment.

Plea and Proof: WAIVER. A waiver of demand and notice of non-payment cannot be proved in an action against the indorser of a promissory note, under a petition alleging demand and notice.

*Appeal from Hamilton District Court.*—HON. D. R. HINDMAN, Judge.

THURSDAY, OCTOBER 14, 1897.

CY AND KATIE ASHPOLE executed to James Miracle their note of one hundred and twenty-five dollars, dated March 31, 1893, payable September 15 of the same year. About June 27, 1893, Miracle sold this note to the plaintiff, indorsing it in blank. The petition alleges that Miracle orally guarantied payment of the note when he sold it, and also seeks to hold him as indorser. The answer denies these allegations, and avers that it was agreed the indorsement was to be without recourse. Trial to jury. Verdict and judgment for defendant, and the plaintiff appeals.— *Affirmed.*

*Geo. Wambach* for appellant.

*A. N. Boeye* for appellee.

LADD, J.—The indorsee and the makers of the note lived in the same neighborhood, and no excuse appears in the record for the failure to present the

note and demand payment personally or at the residence or place of business of the makers. The statute permits notice by mail to the indorsers, but the law merchant controls with respect to presentment and demand. Code 1873, section 2095. In this case the indorsee, Closz & Mickelson, mailed letters to the makers, Cy Ashpole, and Katie Ashpole, some time before the day the note matured, demanding payment. Cy Ashpole called upon the indorsee, and stated he could not make payment, and it is said that this obviated the necessity of a demand. See *Gilbert v. Dennis*, 3 Metcalf (Mass.) 495. But presentment and demand on all the makers are required before the indorser may be held liable. *Blake v. McMillen*, 22 Iowa, 358 (33 Iowa, 150); *Bank v. Orvis*, 40 Iowa, 332. The note was never presented to or payment demanded of Katie Ashpole, and the mailing of the letters referred to is the only evidence thereof. That under such circumstances the indorser will not be held has been expressly determined by this court. *Graul v. Strutzel*, 53 Iowa, 712. See, also, *Bank v. Green*, 11 Iowa, 476.

II. Whether the demand and notice were waived was not in issue. The petition alleged demand and notice, not waiver thereof. To be of any avail a waiver must be pleaded. *Lumbert v. Palmer*, 29 Iowa, 104; *Peck v. Schick*, 50 Iowa, 281. Nor was such an issue supported by the evidence. The indorser, before he may be said to have waived demand on the makers, must be shown to have had knowledge of the facts which in law discharged him from liability. *Ballin v. Betcke*, 11 Iowa, 204; *Hughes v. Bowen*, 15 Iowa, 446; *Freeman v. O'Brien*, 38 Iowa, 406.

III. The issue as to whether the indorsement was to be without recourse became immaterial upon the failure to establish liability of defendant as indorser.

There was evidence, however, tending to show that the note was taken at the risk of the plaintiff; and, if so, under the evidence, there could have been no oral guaranty. Telling the jury, then, to find for the defendant if the indorsement was to be without recourse, amounted to no more than an instruction to return a verdict for him in event he did not guaranty the payment of the note. No errors prejudicial to the plaintiff appear in the record, and the judgment must be AFFIRMED.