## PHOENIX v. LAMB *et al.*

1. **Pleading:** EVIDENCE. In an action on a note given for fruit trees, the defendant answered, averring that the trees were to be delivered to defendant in good condition in this state, and were shipped at the risk of plaintiff and in his own name. It was then averred that the trees were frozen and damaged while in plaintiff's possession, and owing to his neglect. On the trial, defendant introduced evidence tending to show that the trees were improperly packed and boxed, to which plaintiff objected, on the ground that such evidence was not admissible under the issue joined. *Held*, that the evidence was admissible under the averments of the answer.

2. **Jury and verdict:** REFUSAL TO SUBMIT SPECIAL INTERROGATORIES. The refusal of the trial court to submit to the jury for their special finding thereon interrogatories asked by one of the parties, which are not ultimate in their nature, and which are so framed as that the jury could not well consider or answer them without great danger of confusion and misapprehension, constitutes no ground for a reversal of the judgment.

3. —— SPECIAL FINDINGS: ERROR WITHOUT PREJUDICE. Though a special finding of the jury is not warranted by the testimony, the judgment will not be disturbed if the general verdict is sustained by the evidence.

*Appeal from Story District Court.*

WEDNESDAY, AUGUST 31.

PRO NOTE.—Defense that the note was given for fruit trees at Bloomington, Ill., to be shipped by plaintiff to certain points in this state, in his own name and upon his contract to deliver them to defendant (one of them, who is the principal in the note), in good condition, upon the execution of a note, with sureties to be approved, etc., that the trees arrived, the note was executed, and defendant took them into his possession, but without the opportunity or privilege of examining the same until after the delivery of said note. It is then averred in the answer

that the " trees were frozen and damaged while in plaintiff's possession, and owing to his neglect, and were entirely worthless ; that the trees were frozen and damaged by the fault of plaintiff." In another part of the answer, setting up a counterclaim for certain money advanced on the trees, it is alleged " that in the shipment of said trees they were frozen and damaged so that they were entirely worthless." Verdict and judgment for defendants, and plaintiff appeals, complaining of the admission of certain evidence, of certain instructions, and overruling motion for new trial.

*Boardman, Brown and Williams* for the appellant.

*J. S. Frazier,* for the appellee.

WRIGHT, J.—I. Defendant introduced evidence tending to show that the trees were improperly packed and boxed, to which plaintiff objected, upon the ground that it was inadmissible under the issue joined. The objection was overruled, and an instruction asked by plaintiff, to the effect that the jury should disregard all the evidence on that subject, was refused. Of these rulings plaintiff first complains.

1. PLEADING: evidence.

If the answer did not sufficiently specify the manner of the injury to the trees, or in what respects plaintiff was negligent, his remedy was plain enough. The defect could have been cured by motion. But under the averments of the answer, it was clearly competent to show that the trees were damaged, and to trace the same to plaintiff's fault or negligence. The defense is not that plaintiff failed to deliver the trees, but that they were delivered in a damaged condition, by reason of plaintiff's negligence.

Whether the trees belonged to plaintiff until the note was executed, whether till that time the loss, if any, was

his or defendant's, is not very material as to the present point, since the duty to properly box and pack would be just as clear and undoubted, if the trees were defendant's property from the time of the shipment. And if the loss occurred by reason of negligence or the proper want of care in these respects, it would fall upon plaintiff, and not upon defendants. If they were shipped at plaintiff's risk, or as his property, to be delivered in good condition when the note was executed, and if when thus delivered they were worthless, because frozen, then the loss would be plaintiff's without reference to any question of negligence.

Defendants assumed the burden of proving, in any aspect of the case, that plaintiff had been negligent, and of this appellant cannot complain. In one view he would prove what was unnecessary, in the other, what would be necessary and pertinent under the issue.

We concede the necessity of clearness and certainty in pleadings; that a party cannot be held liable upon an issue not made; and that courts should require parties to clearly and intelligently present their causes of action or grounds of defense. But, as a rule, all questions of this nature should be raised and determined before trial. And cases, where there was no predicate in the pleadings whatever, general or special, for the offered evidence (as in *Levi* v. *Karrick*, 13 Iowa, 354) are in no way applicable to the question here made. The case of *Gwynn* v. *Turner*, 18 id. 1, also cited by appellant, is alike inapplicable. *Pharo* v. *Johnson*, 15 id. 560, is of value, from the fact that this case, like that, seems to have been fully tried, plaintiff having an opportunity to introduce his evidence as to the alleged negligence; and, as was there said, " we would not interfere to relieve him."

II. The jury found a general verdict for defendants, and also specially that the trees were shipped at plain-

**2. JURY AND VERDICT: refusal to submit special interrogatories.** tiff's risk ; that they were not properly boxed and packed ;. and the injury to them on account of such defective boxing, etc., was so much (being the amount of note and interest). Then specific answeis were returned to interrogatories propounded at plaintiff's instance. The court refused to submit to them certain other interrogatories, and it is of this refusal, and the action of the court in overruling the motion to set aside the general and special verdict and grant a new trial, that plaintiff further and finally complains. The other interrogatories were not ultimate in their nature. That this may be seen, we state one of them : " Would the trees have been injured but for the extreme cold weather, not anticipated by either party when shipped ? " Not only so, but it was found that a jury could not well consider or answer it without great danger of confusion and misapprehension. This is plain enough without argument. The very form of the question furnishes the demonstration. As to the practice in such cases, see *Hatfield* v. *Lockwood*, 18 Iowa, 296 ; *Bonham* v. *Ins. Co.*, 25 id. 328.

Then, was the verdict against the evidence ? In our opinion the special finding that the goods were shipped at plaintiff's risk is not warranted by the proof. This conceded, however, as there was a *general* verdict for defendants **3. — special finding: error without prejudice.** we are still to inquire wether we can interfere with it. For though the evidence did not sustain this finding, inasmuch as such finding was not necessary to sustain the general verdict, it would not hence follow that a new trial should be ordered. See the case last cited above, where it is held that a special verdict must be inconsistent with the general one before it will defeat it. Then the rule is, too, that the special overrides the general verdict only when both cannot stand. *Amidon et al.* v. *Gaff*, 24

Ind. 128. And if there was evidence to sustain the general verdict it will not be disturbed, though the special finding may not seem to sustain it.. *Odell* v. *Brown*, 18 id. 288.

Thus looking at the case, there is no trouble. The evidence as to the care exercised in packing and boxing was conflicting. It was for the jury to consider it and determine where the truth lay. As an original question we might have determined otherwise, but upon well-settled rules we cannot upon appeal.

Affirmed.