## CLANTON v. THE DES MOINES, OSCEOLA & SOUTHERN R'Y Co.

I. **Principal and Agent:** DECLARATIONS OF AGENT TO PROVE AGENCY. Where the fact of agency is conceded, the acts and declarations of the agent pertaining to contracts made by him within the scope of his agency are competent evidence, and binding on his principal; but such acts and declarations are not admissible to prove the fact of agency.

*Appeal from Madison Circuit Court.*

FRIDAY, OCTOBER 23.

THIS is an action at law by which plaintiff seeks to recover of the defendant the contract price for certain railroad ties which he alleges he sold to the defendant. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*George W. Seevers* and *Ruby & Wilkin*, for appellant.

*V. Wainwright*, for appellee.

ROTHROCK, J.—The principal question in the case is one of fact. It appears that the railroad company did not contract directly with the parties who furnished ties for the road. One Ball made contracts for the purchase of all the ties for the line from Des Moines to Osceola. The plaintiff made his contract directly with one Thompson, who was authorized by Ball to make purchases. The defendant claimed, in its answer and upon the trial, that Ball bought and furnished the ties as a contractor, and not as agent of the company, and that the company, having settled with and paid Ball in full for all ties furnished by him, was not liable to the plaintiff. The plaintiff did not avail himself of the provisions of the mechanic's lien law, and under the issues made in the case it was incumbent on him to prove that Ball was the mere agent

of the company, and authorized by it to contract in behalf of the company. Ball had no connection with the defendant as an officer, superintendent, director or manager. The executive committee of the company had the general management of the construction of the road. It is not claimed that the plaintiff made any contract with any member of this committee. His contract was made with Ball through his agent, Thompson. To authorize a verdict for the plaintiff, it was necessary for him to prove that Ball was the mere agent of the defendant. He opened his case to the jury by evidence of the acts and declarations of Ball. This evidence was objected to as not admissible to bind the defendant. The evidence was allowed to go to the jury upon the undertaking of the plaintiff that he would "correct this matter, and show that Mr. Ball was the agent of the defendant."

This evidence, which was objected to, tended to show that Ball was acting merely in the capacity of agent. The first witness examined in the case stated that Ball, in answer to the question whether he (Ball) would have any work for the witness to do, replied as follows: "I can't tell. Harding and Stivers will be here next week to my house and I can let you know then. Stivers holds me back, and Harding tells me to go ahead and buy timber." The defendant moved to strike out this evidence, and the motion was overruled. Stivers and Harding were members of the executive committee of the defendant. If it were conceded that Ball was the agent of the defendant to purchase ties, his acts and declarations pertaining to contracts made by him within the scope of his agency would be competent evidence and binding upon the defendant. But in the case at bar the very issue presented to the jury was whether Ball was the agent of the defendant. And it is not claimed by the plaintiff that agency can be shown by the acts and declarations of the alleged agent. That this is the law cannot be questioned. If the law were otherwise, one person might be held liable by proving the acts and declarations of another without any

authority from the person sought to be charged as a principal. The overwhelming weight of the evidence in this case was to the effect that Ball furnished the ties as a contractor, and that he had no authority to bind the defendant to pay his contract for ties. In this state of the case, the evidence as to the acts and declarations of Ball were plainly prejudicial to the defendant. They ought not to have been allowed to go to the jury, and should have been ruled out when the motion was made asking such ruling. The evidence, so far as it tended to show Ball's agency, was inadmissible, even though the plaintiff did undertake to show, in the further progress of the trial, that Ball was the defendant's agent. Ball's acts and declarations would not be made available as evidence of his agency in any stage of the trial, and the jury should have been plainly and explicitly directed that they must not consider any of Ball's acts, conversations or conduct as tending to show that he was defendant's agent.

For the error in admitting this evidence, the judgment of the court below will be

REVERSED.