## BIGLER v. TOY.

1. **Attorney and Client:** AUTHORITY OF ATTORNEY IN MAKING COLLECTION. An attorney who has a claim for collection has no power, in the absence of special authority, to receive anything but money in payment of the claim; nor has he power to accept a less amount of money than the whole sum due. See opinion for authorities.

2. ———: SPECIAL AUTHORITY OF ATTORNEY: HOW PROVED. The claim that an attorney at law was clothed with special authority not embraced within his employment cannot be established by the declarations of the attorney himself. (Compare *Clanton v. Des M., O. & S. R'y Co.*, 67 Iowa, 350.)

*Appeal from Buena Vista Circuit Court.*

FRIDAY, APRIL 23.

ACTION AT LAW. The court directed the jury to find for the plaintiff, and defendant appeals.

*Robinson & Milchrist*, for appellant.

*C. A. Irwin*, for appellee.

SEEVERS, J.—The plaintiff held a chattel mortgage executed by H. Still & Co., and the defendant had a similar mortgage on the same property which was junior to the plaintiff's mortgage. Certain creditors of Still & Co. caused the mortgaged property to be attached. The defendant brought an action to recover the property of the sheriff, and, having obtained possession, the defendant caused it to be sold

under his mortgage, and there was realized at said sale upwards of $200, after satisfying his debt and all costs. To recover such excess is the object of this action. As a defense, the defendant pleaded that, after a verdict had been returned in the action brought against the sheriff, and while a motion filed by him for a new trial was pending, the plaintiff, "through his attorney, C. A. Irwin, verbally agreed with this defendant that if said motion for a new trial was abandoned in said case, and judgment allowed to be rendered for a specified sum, this plaintiff would waive all further claim to the mortgaged property, or the proceeds thereof; and, relying upon said agreement, this defendant waived said motion, *    *    *.   consented to judgment,    *    *    * and paid the same."

I.   The C. A. Irwin, who it is alleged made the settlement or compromise, is an attorney at law, and had in his hands

1. ATTORNEY and client: authority of attorney in making collection.

for collection the claim of the plaintiff. Did said Irwin, as such attorney, have authority, by virtue of his employment, to make the compromise? It is not stated in the defense pleaded that Irwin received anything in either money or property for the plaintiff. The amount paid by the defendant was paid to the attaching creditors or their attorneys. The plaintiff, under and by virtue of the compromise, in fact received nothing. We are of the opinion that the compromise in no respect binds the plaintiff, because Irwin had no power or authority to make it. An attorney who has a claim for collection has no power, in the absence of special authority, to receive anything but money in payment of the claim; nor has he the power to accept as payment a less amount of money than the whole sum due. This doctrine is elementary; but see *McCarver v. Nealey*, 1 G. Greene, 362; *Drain v. Doggett*, 41 Iowa, 684.

II.   It is claimed, however, that there was evidence introduced which tended to show that Irwin was authorized, and

2. ——: had the power, to bind the plaintiff by any com-
special authority of attorney: how proved. promise he might make. The only evidence which tends to show such power consists solely of the declarations of Irwin. This evidence was, on motion, properly struck out. An attorney at law is a mere agent of his principal, but he has certain powers by virtue of his employment not possessed by other agents. If, however, it becomes necessary to prove that an attorney has been given special power not embraced in his employment, it must be established in the same way the authority of other agents must be shown. The agency, or the extent of his power and authority, cannot be established by the declarations of the supposed agent. *Clanton v. Des Moines, O. & S. R'y Co.,* 67 Iowa, 350. As the defendant failed to introduce any evidence showing that Irwin was authorized to make any compromise by virtue of his employment, or that he was specially authorized to do so, he failed to establish any defense to the action, and therefore the court rightly directed the jury to find for the plaintiff.

AFFIRMED.