Thomas v. Schee.

---

## THOMAS *et al.* v. SCHEE.

1. **Vendors and Purchasers**: FALSE ABSTRACT OF TITLE CERTIFIED BY VENDOR: PROFESSIONAL NEGLIGENCE. Defendant, who was an attorney at law, holding himself out as a competent person to make and certify abstracts of title, induced plaintiffs to buy from him a tract of land by presenting them with an abstract of title thereto, on which he certified in writing that "he had carefully examined the title to said lands, and that the same was a full and true and complete abstract of said title." But said abstract was false in that it represented as a conveyance an instrument which did not purport to convey the lands, and represented that, in a certain cause in which he was defendant, involving the title of the lands, a decree had been entered quieting the title in him, whereas that cause was still pending; and afterwards a decree was entered therein debarring defendant and plaintiffs of all claim of interest in the lands. *Held* that defendant was liable to plaintiffs, not only upon an implied contract that he had exercised reasonable care and skill in preparing the abstract, but also upon his promise that the title was as stated therein.

2. **The Same**: EVIDENCE. In such case, evidence offered by defendant to show how the mistakes in the abstract occurred was properly excluded; and evidence that defendant was informed of the condition of the suit in which the abstract showed a decree in his favor was properly admitted, against the objection that the abstract did not cover suits.

3. ———: INTERMEDIATE PURCHASER: PARTIES PLAINTIFF. Where in such case the arrangement was that Y. would give defendant certain property for the land provided the title was satisfactory to

plaintiffs, who were to take the land from Y. at an agreed price, and the parties came together and consummated the transaction accordingly, plaintiffs relying on the abstract, and taking a deed directly from defendant, *held* that defendant's liability was to plaintiffs, and not to Y.

4. ———: ———: SPECIAL INTERROGATORIES. In such case the defendant asked the court to submit the following special interrogatories : "*First.* Did plaintiffs, or either of them, buy the land of defendant? *Second.* Did plaintiffs, or either of them, pay the defendant anything for the land? *Third.* Did plaintiffs, or either of them, pay or promise to pay defendant anything for the abstract of title, or for any opinion or statement concerning the same, or validity of title to the land ?" *Held* that it was not error to refuse to submit them. (See opinion for citations.)

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

FILED, MAY 23, 1890.

PLAINTIFFS state their cause of action in two counts. The first count charges that on the twelfth day of February, 1883, the plaintiffs negotiated with the defendant for the purchase of certain lands in O'Brien county ; that, as an inducement to purchase said property, the defendant made and delivered to them a duly certified abstract of the title to said property, upon which he indorsed in writing a certificate "stating that he had carefully examined the title to said lands, and that the same was a full and true and complete abstract of the said title ;" that at that time the defendant was an attorney at law, holding himself out to be a competent person to make and certify to abstracts of title to real estate; that plaintiffs, relying upon said abstract, purchased said lands of defendant, paying him therefor six hundred dollars, and thereafter, without any actual notice of any defect in the title to said lands, improved the same by breaking twenty-four acres, which was of the value of seventy-two dollars ; that said abstract was untrue, in that it showed a conveyance of said lands from the treasurer of O'Brien county to D. W. Inman,

Thomas v. Schee.

when in fact said conveyance does not purport to convey said lands ; also in that there was no decree quieting the title in said premises in the defendant against the claims of Ray Thomas, the owner of the fee title, but, on the contrary, there was at said time, and for six months prior thereto, on file in the office of the clerk of the circuit court of O'Brien county, the petition of Ray Thomas against this defendant, claiming that said Thomas was the owner in fee of said land, and asking that his title be quieted against the said George W. Schee ; that said Ray Thomas was successful in said action, and by the decree of said court the defendant and these plaintiffs were barred and forever estopped from claiming any interest in said land adverse to the said Ray Thomas. The plaintiffs say that, by reason of the foregoing facts, they have been damaged six hundred and seventy-two dollars, which they ask to recover, with interest. The second count states substantially the same facts, and alleges that the representations were false, and known to be so, and that they were made with intent to defraud plaintiffs. The case was submitted to the jury on the first count alone, and verdict and judgment were rendered for plaintiffs. Defendant appeals.

*H. H. Crow* and *E. C. Herrick*, for appellant.

*Warren Walker* and *Hughes & Hastings*, for appellees.

GIVEN, J.—I. It is apparent from the remarks of the court during the trial, and the instructions, that

1. VENDORS and purchasers: false abstract of title certified by vendor : professional negligence.

the case was submitted upon the first count alone ; but it is not clear why, as there was some testimony tending to sustain the charge of fraud in the second count, namely, that of Warren Walker. This action of the court was without prejudice to the defendant, and, as he alone appeals, we are not called

upon to consider it.    Appellant contends that his liability must rest upon either fraudulent representations, by use of the false abstract knowingly made, by which plaintiff's money was obtained, or upon his having made the abstract as an attorney, and having been guilty of such negligence in making and certifying to it as renders him liable for the damages resulting from plaintiff's reliance thereon.    He insists that the first count does not state a cause of action upon either of said grounds, and, therefore, the court erred in not instructing the jury to find for the defendant, and in overruling his motion for a new trial.

While the first count is not as definite as might be, or as it should have been made on motion, we think the matters alleged as ultimate facts, fairly construed, show a cause of action on contract.    It shows that defendant, a professional abstractor, as an inducement to plaintiffs to pay him six hundred dollars for his land, presents them with an abstract showing title in him.    He states to them by his certificate on the abstract that he had carefully examined the title to the lands, and that the abstract was " a full, complete and correct abstract of all the conveyances upon record affecting the same." It was for the land, and this personal promise and assurance as to the title, that the plaintiffs paid their money. The abstract was prepared to be used as an inducement to whoever might apply to purchase the land.    The plaintiffs applied, and the abstract was presented.    It was as much prepared for them as if it had been upon their order.    Surely, the liability of the defendant should  not be lessened  because he was both vendor and abstractor.

While it may be true, as contended, that, as an abstractor, defendant was only bound to use reasonable care, diligence and skill, and that no element of guaranty enters into such employment, we think the count shows a want of reasonable care, diligence and skill, and that, as vendor, he did, by his certificate on the abstract, promise and agree that the title was as stated therein.

These statements, with that as to the failure of the title, and the causes, show a cause of action against the defendant, not only for failing to exercise reasonable care, skill' and diligence in preparing the abstract, but upon his contract of warranty that the title was as shown in the abstract. It is said that the abstract only covers conveyances, and does not purport to cover anything else. It is certified as being "a full, complete and correct abstract of all conveyances upon record affecting the same." It was not correct in showing a conveyance of this land to D. W. Inman, nor in showing a decree quieting the title in defendant as against Ray Thomas, there being no such conveyance or decree. We think the first count shows a cause of action not only upon an implied contract that defendant had exercised reasonable care, skill and diligence in preparing the abstract, but upon his promise that the title was as stated therein. We are also of the opinion that the testimony sufficiently sustains the action, as stated in the first count.

II. Proceeding upon the theory that the case was to be submitted upon the first count alone, as charging the defendant with a want of reasonable skill and diligence in preparing the abstract, defendant made several objections to testimony which were overruled. He also offered testimony tending to show how the mistakes as to the title arose, and that he believed that the title was as stated in the abstract. The cause of action being as we have stated, there was no error in overruling these objections, and in excluding the testimony offered. Defendant's liability under the first count in nowise depended upon whether he knew of the defects in the title or not. Appellant complains that the testimony of Warren Walker was not withdrawn. Walker was permitted to testify to a conversation prior to the conveyance to plaintiffs, in which he told defendant about the action then pending against him, by Ray Thomas, to quiet his (Thomas') title to the land. The complaint is that the abstract does not cover

*2. The same: evidence.*

suits. It is a sufficient answer to say that it purported to be full, correct and complete, when it was not.

III. The jury were instructed that, if they found that it was arranged between Schee, Thomas and Youman that Youman should give Schee five hundred dollars' worth of barbed wire for the land, and that Thomas should pay Youman four hundred and fifty dollars in notes and a team of horses therefor, Schee to convey the land directly to Thomas, and all this was one transaction, or that Schee had arranged with Youman for the sale of the land on the condition that the title should be satisfactory to Thomas, and further found that, to induce Thomas to accept the conveyance, defendant showed and delivered to him the abstract of title in evidence, and that Thomas relied thereon, and in pursuance of such inducement paid the four hundred and fifty dollars in notes and a team for the land, and received a conveyance in pursuance of said agreement, they should find for the plaintiffs. Appellant contends that there was nothing to warrant the court in telling the jury that they might find for the plaintiffs, if, in addition to certain other facts, they found that Schee had so arranged with Youman. If Youman had agreed with Schee to give him five hundred dollars in barbed wire for the land, on condition that Thomas was satisfied with the title, and they came together and as one transaction agreed as stated in the instruction, Schee's liability is to these plaintiffs, and not to Youman. The foregoing discussion disposes of all exceptions to instructions given and refused, and leads us to the conclusion that there was no error therein.

IV. The defendant requested that the following special findings be submitted: "*First.* Did plaintiffs, or either of them, buy the land in question from the defendant? *Second.* Did plaintiffs, or either of them, pay defendant anything for the land? *Third.* Did plaintiffs, or either of them, pay or promise to pay defendant anything for

3. ——: intermediate purchaser: parties plaintiff.

4. ——: ——: special interrogatories.

the abstract of title, or for any opinion or statement concerning the same, or validity of the title to the land?" These requests are not for findings upon any particular questions of fact, but rather for conclusions from several facts. *Home Ins. Co. v. Northwestern Packet Co.*, 32 Iowa, 223. The only conflict as to the manner of the transaction was whether Youman bought from Schee and then sold to Thomas, or whether they three agreed together as one transaction touching payments and conveyances. There was no question as to how the payments were made, nor was it claimed that plaintiffs paid defendant for the abstract separately from the general transaction. It is not error to refuse to submit to the jury particular questions not ultimate in their nature, or which could not well be considered or answered without danger of confusion and misrepresentation. *Phœnix v. Lamb*, 29 Iowa, 352. The court cannot be required to propound to the jury interrogatories which call for the finding of facts not necessarily determinative of the case. *Hawley v. Railway Co.*, 71 Iowa, 717. We see no error in refusing to submit these questions. Our conclusion upon the whole record is that the judgment of the district court should be                         AFFIRMED.