WILLIAM HEUSINKVELD for D. BRUINS v. THE ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant.

**Principal and Agent:** EVIDENCE. Proof that a person who assumed to adjust a fire loss was the insurer's agent cannot be made by such person's declarations, and a local insurance agent having no authority to adjust losses will not be presumed to have authority to bind the insurer by recognizing another as an agent authorized to adjust losses.

**OBJECTION BELOW.** Testimony that one person is the agent of another is admissible, though it is in the nature of a conclusion. Should cross-examination develop that the conclusion rests on hearsay, or the like, it may be stricken, on proper objection then made. But when no objection is made except at a time before cross-examination shows the testimony given in chief to be objectionable, it is proper to allow it to stand and be considered by the jury, though it is urged by a motion to direct, that conditions of the policy showed that said person lacked authority to make alleged waivers.

**Insurance:** WAIVER. *Proof of loss.* A policy providing that only a specified agreement indorsed thereon shall be construed as a waiver of any condition, and that "the agent" of the insuring company has no authority to waive any condition does not preclude the company's adjuster from waiving a condition requiring insured to furnish proofs of loss.

**Estoppel.** After insurer's adjuster had investigated a loss, he told insured to send carpenter's estimate, as to what it would cost to replace the building. to insurer, "and it would be all right," and insured sent such estimates. *Held,* that insurer was estopped to claim that proofs of loss were insufficient.

**FALSE REPRESENTATIONS.** *Encumbrance.* Proof that plaintiff falsely told the agent after the policy was issued that a mortgage on the property was satisfied, then directing him to make the policy payable to insured, does not put the insurer in the same position as if the policy had been issued upon a false representation that the property was unincumbered. (In this case there was an unsatisfied mortgage when the policy issued *originally,* of which fact the recording agent was advised.)

**PLEA AND PROOF.** *Harmless error.* Where an allegation that due notice of a loss was made is denied, the form and sufficiency of the notice

| | |
|---|---|
| 106 | 229 |
| 107 | 230 |
| 107 | 548 |
| 106 | 229 |
| 108 | 391 |
| 106 | 229 |
| 109 | 28 |
| 106 | 229 |
| 110 | 475 |
| 106 | 229 |
| 119 | 307 |
| 119 | 308 |
| 106 | 229 |
| 136 | 139 |
| 136 | 704 |
| 106 | 229 |
| 141 | 640 |

is so in issue that plaintiff must prove the averment of his petition.
This, in the absence of objection below because there was no proof that the letter was received, is done by undisputed evidence that he mailed a letter to the insurer advising it that and when the building was destroyed by fire, and after testimony that a letter mailed so notified, it is harmless error to permit a statement of its contents to be given as primary evidence.

*Appeal from Sioux District Court.*—HON. SCOTT M. LADD, Judge.

SATURDAY, OCTOBER 8, 1898.

ACTION at law on a poliy of insurance issued by the defendant against loss or damage by fire on a store building in Maurice, Iowa. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*McVey & McVey* for appellant.

*G. T. Hatley* and *C. A. Irwin* for appellee.

ROBINSON, J.—The building insured was destroyed by fire during the life of the policy, and was of greater value than the amount of the insurance.

I. The policy provides that "persons sustaining loss or damage by fire shall forthwith give notice of said loss to the company." It is claimed by the appellant that the notice thus required was not given. The appellee contends that the question of such notice is not presented by the pleadings. The petition alleges that the building was destroyed by fire on the eleventh day of January, 1893, and that on the next day the plaintiff gave the defendant due notice of the fire and loss, by letter, directed to the defendant at St. Paul, Minn., duly stamped and deposited in the post office at Maurice. The answer contains a general denial, and the plaintiff offered evidence to show that notice had been given as pleaded. It is suggested by the plaintiff that the form and sufficiency of the notice was not in issue. The

defendant denied that any notice had been given, and thus placed upon the plaintiff the burden of proving the averment of his petition respecting notice. It is said that all of the evidence introduced in the district court is not before us; but that claim is denied, and the transcript shows that it is not well founded. The testimony in regard to the notice is, in substance, as follows: The plaintiff testified that "after the fire we sent letters to all the companies. We sent one to the St. Paul Fire & Marine Insurance Co. I have never seen that letter afterwards. * * * I think it was sent January 13th, after the fire." No objection was made to that testimony. The plaintiff further testified that he was present when Mr. Thompson wrote the notice, but that he did not see its contents; that he saw it mailed; and that it was addressed to the defendant at St. Paul, Minn., and stamped. Thompson testified as follows: "After the property was burned, Mr. Heusinkveld came to me to get me to prepare a paper. * * * I sent the St. Paul Fire & Marine Ins. Co. a notice of the fire. I wrote them a letter, and gave them the date of the fire. I put the notice in an envelope, and put it in the post office. The envelope was stamped and addressed to the St. Paul Fire & Marine Insurance Co., of St. Paul, Minn. I put it in the post office the day I wrote it, some time between one day and a week after the fire." He was then asked to state the contents of the notice, and notwithstanding an objection by the defendant that it was "incompetent, immaterial, and irrelevant, and not the best evidence," was permitted to answer that it told the defendant of the property which was burned, the date of the fire, the number of the policy, and its amount. The appellant contends that the court erred in permitting Thompson to answer the question objected to, for the reason that his statement respecting the letter was not the best evidence of its contents. Much is said in argument in regard to the necessity of producing the letter, or of giving notice to the defendant to produce it, and of the right of the plaintiff to give secondary evidence of its

contents, without making a demand that it be produced, but we do not find it necessary to determine the question thus presented. The policy required the plaintiff, when the fire occurred, to "give notice," of the loss to the defendant; and we are of the opinion that the testimony of the plaintiff and Thompson to which there are no objections showed a sufficient compliance with the requirement of the policy. No evidence upon that issue was offered by the defendant. Therefore, the subsequent answer of Thompson, to which the objection was made, could not have been prejudicial. It is suggested in argument that there is no proof that the notice was ever received by the defendant; but it does not appear that any objection of that kind was made in the district court, and it is not argued in this court.

II. The policy required, in addition to notice of loss, that the plaintiff, "within 60 days from the date of the fire, render a particular account of such loss, signed and sworn to by him," and setting out other matters which need not be specified. The compliance with that requirement which was attempted was to send to the defendant a plan of the building destroyed and estimates of its value and the cost of replacing it. Those papers were considered on a former appeal of this case, reported in 96 Iowa, 224, and held to be insufficient as proofs of loss. After the cause was remanded for further proceedings, the plaintiff filed an amendment to his petition in which he pleaded a waiver of all the requirements of the policy in regard to proofs of loss, and that such waiver was made orally by J. H. Hoffman, of Le Mars, Iowa, the recording agent who issued the policy, and by an adjusting agent of the defendant, whose name was unknown to the plaintiff. The evidence shows that the person described as an adjusting agent was a man named Maitland. The facts in regard to the alleged waiver are substantially as follows: The policy in suit was issued by Hoffman, as stated. Two weeks after the fire occurred, Hoffman and Maitland appeared in Maurice, and stated that they had come

to adjust the loss. Adjusters for different companies, among whom was one Clark, were there, to adjust other losses under policies issued by their respective companies. Maitland looked for and found the plaintiff; told him to have two carpenters prepare a plan of the building, and an estimate showing its value when destroyed, and the cost of replacing it; and either he or Hoffman told the plaintiff to send the papers when completed, to the defendant, "and it would be all right"; or, as stated by another witness, Maitland said to the plaintiff, "that if he went and done as he had bargained, and sent it to the company, that it would be all right." The plaintiff did all he was directed to do by Maitland. It is insisted, however, that it is not shown by competent evidence that Maitland was the adjusting agent of the defendant. The evidence that he was such agent may be briefly stated as follows: Soon after the notice of loss was sent to the defendant, Maitland, with Hoffman, went to Maurice, and proceeded to adjust the loss as stated. He said repeatedly to Robey, an attorney who was acting for the plaintiff, that he was the general adjusting agent of the defendant. Campbell, an attorney for the defendant, was called as a witness for the plaintiff and testified that he did not know Maitland, but knew of him; that he traveled for the defendant at one time, but the witness did not know whether he did so in the year 1893, and did not know whether he was an adjuster of the defendant. Robey testified that he had met Maitland once, and when asked whether he knew his business in January, 1893, answered, "I think I do." He was then asked, "What was his business in January, 1893?" and answered, "He was the general adjusting agent for the St. Paul Fire & Marine Insurance Co." The witness then stated that Maitland visited Maurice January 25, 1893, with reference to the loss of the plaintiff; and, in answer to the question, "State, if you know, what he was there for," answered, "He was there looking after that loss." On cross-examination Robey was asked how he knew that Maitland was the general

adjuster of the defendant, and answered: "I knew it from him telling me that he was; and Mr. Clark, of Des Moines, general adjusting agent for the Phœnix Insurance Co., was there, and another agent of the Aetna; and, in a general conversation between them and myself in regard to those losses, he repeatedly said that he was the general adjusting agent." Also: "Mr. Clark told me that Mr. Maitland was the adjusting agent for the St. Paul Company, and he told me two months ago, in Rock Valley, that he had known him [Maitland] to be the adjusting agent for the last seven or eight years. Mr. Maitland said he was the general adjusting agent. He used these terms when they were talking together, and how they had met together, and how nicely they had settled up the losses." That was the only time Robey ever met Maitland.

It is well settled that an agency cannot be proved by the declarations of the agent if objection be made. *Moffitt v. Cressler,* 8 Iowa, 122; *Graul v. Strutzel,* 53 Iowa, 712; *Renwick v. Bancroft,* 56 Iowa, 527; *Clanton v. Railway Co.,* 67 Iowa, 350; *Bigler v. Toy,* 68 Iowa, 687; *Drake v. Railway Co.,* 70 Iowa, 59. Therefore, proof of the declarations of Maitland was not competent to show the alleged agency. The only evidence of the authority of Hoffman was the fact that he was the recording agent who issued the policy in suit. But the policy prescribed the proofs of loss required, and provided that "the agent of this company has no authority to waive, modify, or strike from this policy any of its printed conditions." That was sufficiently broad to include Hoffman, and the proof fails to show that he had any authority whatever respecting the adjustment of losses; and the mere fact that he acted with Maitland in adjusting the loss in question, and perhaps heard without objection the statements of the latter that he was the adjusting agent of the defendant, would not be competent proof of such agency. If Hoffman had no authority to bind the defendant by an adjustment of his own making, there is no presumption that he could bind the defendant in recognizing

the agency of another.  But the testimony of Campbell shows that Maitland had been an agent of the defendant, and it is not shown that the agency had terminated.  For the reasons shown, we must indulge in the presumption that notice of the loss was received by the defendant in due time; and the arrival in Maurice of the agent who issued the policy, and of Maitland, to adjust the loss, was but a few days after the notice was so received.  Robey stated without objection that Maitland was then the adjusting agent of the defendant.  After the answer was given, the defendant moved to strike it out, "as incompetent, immaterial, and a conclusion of the witness," but the motion was overruled.  The answer was certainly not immaterial, and, when the objection was made, did not appear to be incompetent.  Although the relation of principal and agent is a legal one, depending upon the existence of certain facts, and the statement that it exists may be in the nature of a conclusion, yet the relation is also a condition of which any one having personal knowledge of it may testify, subject, however, to the test of cross-examination; and we are of the opinion that the court did not err in refusing to strike out the answer.  The cross-examination of the witness showed that his knowledge of the alleged agency was based upon the statements of Maitland and Clark.  No objection whatever was made to the testimony of Robey given on cross-examination, and no further attempt was made to exclude his answers on direct examination to which objection was made.  As those objections were properly overruled when made, the ruling did not become erroneous when the cross-examination developed the basis of the answers.  To be available, the objection should then have been renewed, or a further objection should then have been made.  But nothing of that nature was done.  When the evidence for the plaintiff was closed, the defendant asked the court to direct a verdict in its favor, and, as one of the grounds for that relief, stated that the authority of Hoffman or Maitland to waive proofs of loss had not been shown, because of a certain condition of the

policy, not because neither of them had been shown to be an adjusting agent of the defendant. That objection did not raise the question we have been considering. The case we have appears to be this: A witness gave to a question not objected to an answer which was called for by the question, and which appeared to be proper. An objection to that answer in view of the evidence at that time given was properly overruled. On cross-examination the incompetency of the witness was disclosed, but no further objection to the answer once assailed was made. Under these circumstances the court did not err in permitting it to stand. Robey's testimony respecting what Clark and Maitland said in regard to the agency of the latter was hearsay; but, as no objection was made to it, the jury was authorized to consider it. Our conclusion, based upon the facts enumerated is, that there was sufficient evidence to warrant the presumption that Maitland was the adjusting agent of the defendant, with power to act for it in adjusting the loss in question. The defendant failed to offer any evidence to rebut that presumption, and the finding of the jury in regard to the authority of Maitland must stand.

III. The policy provides that "the use of general terms, or anything less than a distinct, specific agreement, clearly expressed and indorsed in this policy, shall not be construed as a waiver of any printed or writtten condition or restriction therein;" also, "that the agent of this company has no authority to waive, modify, or strike from this policy any of its printed conditions." It is insisted that the alleged waiver of proofs of loss was prohibited by these provisions. We have had occasion to consider the question of the right of adjusting agents to waive formal proofs of loss, under policies containing limitations as to waivers fully as stringent as are those quoted, and have held that such proofs may be waived. *Ruthven v. Insurance Co.,* 102 Iowa, 550, and cases therein cited; *Brock v. Insurance Co.,* 106 Iowa, 30. See, also, *Dyer v. Insurance Co.,* 103 Iowa, 524. The evidence authorized the jury to find that Maitland investi-

gated the loss, and agreed with the plaintiff as to what proofs would be required of him.   He promptly furnished those proofs to the defendant; but with constructive, if not actual knowledge of the settlement Maitland had made, and that the estimates and plan of the carpenters were sent pursuant to that settlement, it made no objection to the proofs furnished, nor asked for anything in addition to them.   The good faith of the loss, and the fact that it was much in excess of the amount of the policy, are established beyond question; and we do not think the defendant should now be heard to say that the proofs of loss were not sufficient.

IV.   When the policy in suit was issued, there was an unsatisfied mortgage on the insured property, and the policy was made payable in case of loss to the mortgagee, as his interest might appear.   Subsequently, the plaintiff contracted for the purchase of the mortgage which was executed by a former owner of the property, and claims that the contract price was fully paid before the loss occured.   After the policy was issued, and before the fire, the plaintiff informed the agent, Hoffman, that the mortgage had been paid, and asked that the loss, if any, be made payable to the insured, which was done.   It is shown that the mortgage was not satisfied, and that one of the notes which it secured had not been taken up when the loss occurred; but the plaintiff insists that he had a claim against the party who contracted to sell him the mortgage for more than the remainder due thereon.   It is contended by the appellant that the mortgage had not been paid, and that the case is the same as though the policy had been issued upon property which was falsely represented to the defendant to be free from incumbrance. The provision of the policy in regard to incumbrances is as follows:   "Any false representation, omission to make known every incumbrance, whether a lien, mortgage, judgment, or otherwise,   *   *   *   then   this   policy   shall   be   void;   *   *   *   or if the property or any part thereof shall be sold, transferred, or incumbered (by mortgage, judgment, or

otherwise), or if any action or proceeding at law or otherwise shall be commenced affecting the title thereto, or if proceedings to foreclose any lien thereon shall be commenced in any way, or notice thereof shall be given,   *   *   *   then, and in every such case, this policy shall be void." The answer, after setting out a part of these provisions and one or two others which are immaterial, states that, when the policy was issued, the insured property was incumbered by mortgage, which was still unsatisfied; that the plaintiff omitted to make known to the defendant the existence of the mortgage, and represented that the property was free from incumbrance, and thus violated the conditions of the policy. But it is clearly shown that the defendant, through its recording agent, was fully advised of the mortgage when the policy was issued. The question as to the effect of representing that the mortgage had been paid, and making the loss, if any, payable to the insured, which is discussed by the appellant, is not presented by the pleadings. It is said that the risk was increased by the change in the policy thus made, contrary to the provisions of the policy. That may be doubted in view of the evidence in the case; but, however that may be, we do not find any question in regard to it presented by the pleadings or assignments of error.

V. An action to foreclose the mortgage was commenced, and it is said that notice of the suit was not given, as required by the policy. The evidence offered in regard to the action is too meager and uncertain to entitle the defendant to any relief on account of it, and the assignments of error do not present any question respecting it. The appellant has presented in argument numerous questions which are not of sufficient importance to merit separate mention. We have considered all question argued, without finding any ground upon which the judgment of the district court should be disturbed. The plaintiff has shown a meritorious cause of action. The defense has been made upon technical grounds, many of which were not presented to the district court. We

are well satisfied that the plaintiff is entitled to recover of the defendant the amount for which judgment was rendered by the district court, and the judgment is therefore AFFIRMED.