JOSEPH SCHLITZ BREWING COMPANY, Appellant, v. J. H. BARLOW, Sheriff.

**Agency:** EVIDENCE OF. A newspaper publication, wherein one advertises himself to be the agent of another, is inadmissible to prove agency, unless it appears that the alleged principal caused or knew of such publication.

*Appeal from Keokuk District Court.*—HON. BEN. McCOY, Judge.

MONDAY, JANUARY 23, 1899.

MARTZ & MEIER, as a firm, was engaged in the sale of intoxicating liquor at Hedrick, Iowa. The firm of W. V. Silvers & Co. was engaged in the sale of beer at Ottumwa, Iowa, the beer being that manufactured by the plaintiff firm, and furnished the beer sold by Martz & Meier. The plaintiff

owned a set of bar fixtures at Eldon, Iowa, and Silvers & Co. loaned the set to Martz & Meier, and it was used in the saloon at Hedrick. Injunction proceedings were commenced against Martz & Meier to restrain them from selling, and when it appeared that the petition of consent, under which their permit issued, was not sufficient, a decree was entered against them by consent. Under an execution issued on the judgment, the defendant sheriff seized the fixtures in question, and, after notice of plaintiff's ownership, sold them to one L. B. Cremer, who owned the building in which the saloon was kept, and was a party defendant in the injunction proceeding. This action is to recover from the sheriff the value of the fixtures, alleging that he wrongfully took, sold, and appropriated the same. The answer is a denial, and also represents that plaintiff, as a corporation in the state of Wisconsin, with a view to aid Martz & Meier to sell liquors in Iowa in violation of law, furnished to them the fixtures in question, and that they were so used, and the answer set up the decree in the injunction suit. There was a denial of the averments of the answer, and the cause was tried to a jury, that found for defendant, and from a judgment thereon the plaintiff appealed.—*Reversed.*

> *Jaques & Jaques* and *C. H. Mackey* for appellant.
>
> *Woodin & Son* and *Hamilton & Donahue* for appellee.

GRANGER, J.—There is no controversy but that the plaintiff owned the fixtures in question when they were loaned to Martz & Meier. As the loan was made by Silvers & Co., it became necessary to show that the company had authority so to do, and there was an effort to do so by showing that Silvers & Co. was the agent of the plaintiff. The court, by an instruction, made the defense rest on the facts that Silvers & Co. was the agent of plaintiff, knew that Martz & Meier was using the property in violation of law. In the *Sigourney Courier,* a newpaper, was published, December 17, 1895, the following: "W. V. Silvers & Co.,

dealers in wines an liquors. Agents for Jos. Schlitz' Milwaukee beer. Office 309 East Main street, Ottumwa, Iowa. Send for prices." This was permitted in evidence, against objections, to prove the agency of Silvers & Co. It in no way appears that plaintiff caused or knew of such publication. It was error to admit it in evidence. If it be conceded that it was published by authority of Silvers & Co., it could be no better as evidence than if it was a statement by Silvers & Co. that it was such agent, and such a statement would not be permissible, under the rule that an agent's declarations are not admissible to show the fact of his agency. *Clanton v. Railway Co.*, 67 Iowa, 350; *Bigler v. Toy,* 68 Iowa, 687. The rule is elementary. A citation by appellee leads us to think there is a failure to make the distinction between establishing an agency by proving declarations of agent and by the testimony of the agent. While an agent may be a witness to prove his agency, his declarations are not competent for that purpose. In *Hall v. Manufacturing Co.,* 30 Iowa, 215, the agency was shown by the testimony of the agent. Besides, it may be said that there is no evidence whatever of the agency of Silvers & Co. at the time the fixtures were loaned. There is some evidence that a member of the firm was an agent for plaintiff after Martz & Meier had ceased to use the fixtures. With such a state of the record, under the instructions given, there should have been a verdict for plaintiff.— REVERSED.